501 A.2d 262

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Harold VANDERHORST a/k/a Harold Vanderhorse.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1985.

Filed Nov. 22, 1985.

Susan V. Kahn, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

William T. Cannon, Philadelphia, for appellee.

Before WIEAND, CERCONE and ROBERTS, JJ.

CERCONE, Judge:

In August, 1984, appellee was convicted in a non-jury trial of voluntary manslaughter. He was sentenced to serve a ten-year term of probation. The Commonwealth timely filed petitions to reconsider sentence, which were denied. The Commonwealth filed this appeal claiming that the trial court, in imposing sentence, abused its discretion by unreasonably deviating from the sentencing guidelines.

In the evening of May 23, 1983, the victim approached appellee while he was seated on the front steps of his porch and directed insulting remarks at appellee and appellee's sister. Later that evening, appellee went to the neighborhood bar and while there he was again confronted by the victim. Appellee left the bar and began walking home, followed by the victim who continually harassed and insulted him. Appellee kept telling the victim, "Man, I don't even know you. Just leave me alone." As appellee approached his home, he was physically assaulted from behind by the victim. A fistfight ensued which resulted in appellee throwing the victim to the ground and striking his head several times on the asphalt, causing the victim's death.

■ The legislature has provided that the appellate courts, in reviewing the discretionary aspects of a sentence on appeal, shall affirm the trial court's sentence unless it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In determining whether a particular sentence is "unreasonable", the appellate court must review the record with regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

The sentencing court is required, when imposing a sentence outside the guidelines, to provide a statement of the reason or reasons for the deviation. In this case, the lower court's reasons for imposing a sentence outside the guidelines, as set forth in its opinion, were that:

(1) the victim was the aggressor;

(2) appellee had been steadily employed for a period over fourteen (14) years;

(3) appellee came from a hard-working well-respected family;

(4) although he did have six convictions for prior offenses prior to the age of twenty-one (21), there had been no arrests involving serious offenses since 1973;

(5) there was some question in the court's mind as to whether appellee had made a case for self-defense, but this was overcome by the court's feeling that appellee had used excessive force in repelling the victim;

(6) the appellee was remorseful; and

(7) incarceration would serve no useful purpose to either the appellee or the community.

In explaining the reason for the sentence imposed, the court noted grounds that the legislature has delineated, in 42 Pa.C.S.A. § 9722, which should be weighed when the court exercises its discretion to imposed probation. They are:

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a sub-

stantial period of time before the commission of the present crime.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

■ The Commonwealth argues that the court erred in relying on the fact that appellee acted under strong provocation by the victim. "Serious provocation" is an element of voluntary manslaughter which the court was required to find in order to rule out a conviction of third degree murder. 18 Pa.C.S.A. § 2503(a). Therefore, the Commonwealth argues, to assign the presence of provocation as a reason for deviating from the guidelines is to give appellee credit for provocation twice. *See Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 491 A.2d 1352 (1985) (court may not deviate from guidelines on basis of lack of prior criminal record because it is already computed in prior record score).

We find that this case is not ruled by *Drumgoole* because of the underlying factual differences.[1] The mere fact that the victim intentionally followed appellee down the street at night and attacked him from behind would have been sufficient provocation to support his voluntary manslaughter conviction. However, here the victim had twice forced confrontations with appellee prior to the incident which resulted in his death and the victim actually attacked appellee as he was attempting to retreat from the victim's harassment. The totality of these factors clearly supports the lower court's consideration of provocation outside the guilt determination stage.

■ The Commonwealth also argues that the sentencing court erred in basing its deviation from the guidelines on a

---

1. The reasoning in *Drumgoole,* relied upon by the Commonwealth, is merely dicta. In that case, the sentencing court imposed a probationary sentence outside the guidelines and gave as a reason the fact that the defendant had no prior record. On appeal, this court noted that defendant did in fact have a prior record and, therefore, the court imposed sentence upon a misconception of the facts. Such a finding was sufficient grounds for this court to remand for resentencing without reading the issue herein.

finding that appellee had led a law-abiding life for a substantial period of time before the commission of the present crime. The lower court did not, as the Commonwealth seems to contend, base its finding on a misunderstanding of the facts. The lower court was fully cognizant of appellee's previous criminal record, but considered the fact that all convictions, except one, were over ten years old.[2] Further, the most recent conviction was not for a crime of violence. Likewise, the Commonwealth's contention that appellee has not shown that he would benefit from a probationary sentence is without substance. The lower court did not abuse its discretion when it looked at appellee's past criminal record in conjunction with the fact that he had a good employment history and a supportive family and that he had rehabilitated himself following his bout of criminal activity during his late teens and early twenties. Such considerations were specifically allowed by the legislature. (see *supra* at 3).

When faced with the duty of sentencing a defendant, the court must balance

> ... the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and ... impose a sentence that is the *minimum sentence* consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 310, 401 A.2d 1223, 1225 (1979) (collecting cases). (Emphasis added.)

*Commonwealth v. Young*, 229 Pa. Superior Ct. 488, 445 A.2d 1235, 1236 (1982). Considering all of the circumstances particular to this case, we find that the lower court did not abuse its discretion by imposing an unreasonably lenient sentence. Accordingly, the judgment of sentence is affirmed.

2. In 1977, appellee was cited for contempt of court. The charges were later dismissed. In 1981 he was sentenced to one year probation for possession of drugs.