523 A.2d 809

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Anthony James RIZZO, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 1986.

Filed March 30, 1987.

130

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Com., appellant.

James R. Fitzgerald, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

On February 6, 1986, Anthony James Rizzo was found guilty of one count of aggravated assault[1] and one count of terroristic threats.[2] The conviction resulted from an incident on July 23, 1985 in which Rizzo had punched a 70 year old man, causing the elderly gentleman to fall to the ground and break his hip, after which Rizzo had kicked the fallen man in the ribs, slapped his face and threatened to kill him. At the sentencing hearing on March 21, 1986, the Commonwealth contended that Section 9717 of the Sentencing Code was applicable and mandated that Rizzo be sentenced to a minimum term of imprisonment for two years on the conviction for aggravated assault. The sentencing court refused to apply Section 9717 and imposed a sentence of imprisonment for not less than eleven and one-half months nor more than twenty-three months for the aggravated assault conviction and probation for five years for the crime of making a terroristic threat. In this appeal by the Commonwealth, it is argued that the sentencing court erred when it refused to apply Section 9717 and then imposed an unreasonably lenient sentence in disregard of the sentencing guidelines. There is merit only in the latter contention.

Section 9717 of the Sentencing Code, 42 Pa.C.S. § 9717, provides:

A person under 60 years of age convicted of the following offenses when the victim is over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows:

1. 18 Pa.C.S. § 2702(a)(1).
2. 18 Pa.C.S. § 2706.

18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—not less than two years.

. . . .

The sentencing court refused to sentence Rizzo according to the mandates of this statute because (1) the information had failed to aver the ages of Rizzo and his victim and (2) the Commonwealth had failed to provide Rizzo with reasonable notice of its intention to invoke the provisions of the statute prior to sentencing.

In holding that the Commonwealth's failure to allege the respective ages of Rizzo and his victim in the information was a bar to the application of the statute at sentencing, the sentencing court relied upon this Court's decision in *Commonwealth v. Taylor*, 346 Pa.Super. 599, 500 A.2d 110 (1985). There the defendant had been charged with and convicted of aggravated assault with attempt to cause serious bodily injury, in violation of 18 Pa.C.S. § 2702(a)(1). Neither the information nor the evidence produced at trial had suggested the use of a deadly weapon. Nonetheless, the Commonwealth attempted to prove at sentencing that the defendant had possessed a deadly weapon during the assault and asserted that, as a result, the sentence enhancement provisions of Section 303.4 of the sentencing guidelines were applicable. The sentencing court refused to consider evidence that a deadly weapon had been present at the commission of the assault and refused to consider the enhancement provisions of the guidelines. The Commonwealth appealed and this Court, sitting en banc, affirmed. The crime of assault with a deadly weapon, as defined at 18 Pa.C.S. § 2702(a)(4), was substantially different from the crime of which the defendant had been convicted, i.e., assault with attempt to cause serious bodily injury without a weapon in violation of 18 Pa.C.S. § 2702(a)(1). Because defendant had been charged and convicted of assault without a deadly weapon, the Court held, it would have been improper to sentence him for an assault with a deadly weapon. The Court concluded, therefore, that the trial

court had properly excluded evidence at the sentencing hearing of the use by defendant of a deadly weapon.

In the instant case, Rizzo had been charged with and convicted of aggravated assault without a deadly weapon. However, the sentencing provision which the Commonwealth sought to have applied at sentencing did not require proof of a different offense. The only additional evidence required was that Rizzo was under 60 years of age and that his victim was over the age of 60. These facts were unnecessary to proving a violation of the aggravated assault section of the Crimes Code. Therefore, it was not necessary that the ages of the defendant and his victim be alleged in the information or that they be proved at trial.[3] Moreover, because the proof of these facts at sentencing and the application of the statute would not have had the effect of permitting Rizzo to be sentenced for an offense different from that of which he had been convicted, the decision in *Commonwealth v. Taylor, supra,* must be considered inapposite.

■ The controlling authority, rather, is the decision of the Supreme Court in *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub nom. McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). See also: *Commonwealth v. Allen,* 508 Pa. 114, 494 A.2d 1067 (1985); *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985). In *Commonwealth v. Wright, supra,* the Court was called upon to determine the constitutionality of Section 9712 of the Mandatory Minimum Sentencing Act, which requires the imposition of a minimum sentence of five years confinement upon persons found to have been in visible possession of a firearm during the commission of certain felonies. In upholding the statute's constitutionality, the Court held that because the visible possession of a firearm was not an element of the underlying offense, it did not have to be alleged or proved beyond a reasonable doubt

3. It should be noted, however, that the victim in the instant case did testify at trial that he was seventy-one years of age at the time of trial, thus establishing that he was more than sixty years of age at the time of the assault.

at trial. Instead, the Court held, the visible possession of a firearm was merely a sentencing factor to be considered only after one had been convicted of specified offenses. Because of this holding and because of the similarities between the provisions of Section 9712 and Section 9717, we conclude that the respective ages of the defendant and his victim are not elements of the crime of aggravated assault as defined at 18 Pa.C.S. § 2702(a)(1) and, therefore, do not have to be alleged in an information charging aggravated assault. The only requirement is that the defendant receive reasonable notice of the Commonwealth's intention to invoke Section 9717 after conviction and before sentencing. Cf. 42 Pa.C.S. §§ 9712(b) and 9714(c); *Commonwealth v. Reagan, supra.*

The sentencing court in the instant case held that the Commonwealth had failed to give Rizzo "reasonable" notice of its intention to invoke the provisions of the statute prior to sentencing. The record reveals that the sentencing hearing was conducted on March 21, 1986, forty-three days after the verdict, and that the Commonwealth notified Rizzo of its intention to invoke the mandatory sentencing provisions of the statute on March 20, 1986. The issue requiring our attention, therefore, is whether one day's notice is reasonable. The trial court held that it was not. It said that one day was inadequate to enable the defense to prepare to meet the Commonwealth's averment that the victim was over the age of sixty when he was assaulted.

What is reasonable must necessarily depend upon the nature, purpose, and circumstances of each case. To be adequate, notice must be sufficient to permit an objection or a defense. See: Black's Law Dictionary at 37 (5th ed. 1979). The operable fact in the instant case was the age of the victim, which the Commonwealth alleged to be seventy. Was one day an adequate time within which to allow the defendant to ascertain the age of the victim and gather evidence if his age were in dispute?[4] A person's age, to be sure, is a fact which is relatively straightforward and

4. Appellant most certainly was aware of his own age.

uncomplicated. Still, where no excuse is offered for failing to give earlier notice, as here, we are reluctant to hold that the trial court erred or abused its discretion by holding that notice of one day was inadequate. There was no apparent reason for the Commonwealth to withhold this notice until the day before the sentencing hearing. In view of this unexplained delay, we hold that the sentencing court did not err when it refused to apply the mandatory sentencing provisions of 42 Pa.C.S. § 9717.

■ The Commonwealth also contends that the sentence imposed upon Rizzo was an unreasonable deviation from the sentencing guidelines.

"Although the Commonwealth, in seeking to appeal from the discretionary aspects of the sentence imposed in this case, properly initiated the appeal by the filing of a notice as required by Pa.R.A.P. 902, before proceeding to the merits of the issue raised therein, we must first determine whether or not there is a substantial question that the sentence imposed is not appropriate under the Sentencing Guidelines." *Commonwealth v. Days,* 349 Pa. Super. 188, 192, 502 A.2d 1339, 1341 (1986); *see also, Commonwealth v. Fluellen,* 345 Pa.Super. 167, 170, 497 A.2d 1357, 1358 (1985); *Commonwealth v. Dixon,* 344 Pa.Super. 293, 496 A.2d 802 (1985); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 491 A.2d 1352 (1985).

*Commonwealth v. Mattis,* 352 Pa.Super. 144, 146, 507 A.2d 423, 424 (1986). Because "it appears that there is a substantial question that the sentence imposed is not appropriate," we will accept the Commonwealth's appeal and review the discretionary aspects of the sentence imposed by the trial court. See: *Id.;* 42 Pa.C.S. § 9781(b).

The sentences imposed upon Rizzo were substantially less than the sentences recommended by the sentencing guidelines. The sentencing court determined that Rizzo had a prior record score of 6, based upon three prior convictions for burglary. The offense of aggravated assault had an offense gravity score of 7. Therefore, the guidelines recommended a minimum term of imprisonment of forty-three

to sixty-four months, with the recommended range being sixty-four to eighty months if aggravated circumstances were present and thirty-two to forty-three months if mitigating circumstances were present. Despite these recommended sentences, the sentencing court sentenced Rizzo to a term of imprisonment of eleven and one-half to twenty-three months for aggravated assault. With regard to the offense of terroristic threats, which carries an offense gravity score of 3, the guidelines suggested a minimum term of imprisonment of eight to twelve months, with an aggravated range of twelve to eighteen months and a mitigated range of four to eight months. Nonetheless, the sentence imposed was five years of probation, to be consecutive to the sentence imposed for aggravated assault.

When this court is called upon to review a sentence which is outside the guidelines, we must determine whether the sentence is "unreasonable." 42 Pa.C.S. § 9781(c)(3). *See Commonwealth v. Vanderhorst,* 347 Pa.Super. 648, 650, 501 A.2d 262, 263 (1985). In making this determination, we must examine the record with regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the Commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Mattis, supra* 352 Pa.Super. at 148, 507 A.2d at 425.

The only reason given by the sentencing court for refusing to follow the guidelines was that after three felony convictions, appellee's subsequent and fourth felony, committed while he was on probation, was the first one evidencing a propensity for violence. On the basis of this finding, the sentencing court fashioned a sentence which, upon comparison with the guidelines, appears appropriate for a

first offender. We agree with the Commonwealth that this was unreasonable.

After the Commonwealth had filed the instant appeal, the sentencing judge prepared and filed an opinion in which he sought to justify his departure from the sentencing guidelines on grounds that the victim had not been "brutally" beaten, because the aggravated assault had not been "typical," and because the defendant was remorseful for his unlawful acts. Finally, the court said, the defendant had had a drug problem. These reasons for departing from the guidelines, as we have observed, were not given at the time of sentencing. Therefore, we should not focus on these reasons, but only on the reason given by the court at the sentencing hearing. *Commonwealth v. Mullen*, 321 Pa.Super. 19, 467 A.2d 871 (1983).

Moreover, even if we consider the reasons added by the trial court in its post-appeal, memorandum opinion, we would nevertheless be constrained to find them inadequate to support the unreasonable departure from the sentencing guidelines in this case. "Brutal" has been defined as "befitting or resembling a brute as a: stemming from or based on crude animal instincts: grossly ruthless b: devoid of mercy or compassion: cruel and cold-blooded ... c: harsh and severe...." Webster's Third New International Dictionary at 286 (1965). When the beating inflicted by appellee on his elderly victim is examined carefully in the light of this definition and we consider that appellee's victim was hospitalized for nineteen days as a result of injuries received, we conclude, contrary to the suggestion by the sentencing court, that appellee's conduct was "brutal."

We reject the suggestion by the sentencing court that prior drug abuse is a mitigating factor which justifies a more lenient sentence than that recommended by the guidelines for aggravated assault or, indeed, for any other felony. Moreover, according to the sentencing record in this case, it does not appear that drug abuse was a factor in influencing appellee's conduct. According to appellee, he

had been fully rehabilitated prior to the commission of the crime for which he was being sentenced by the court.

Finally, although Rizzo's remorse was a mitigating factor worthy of consideration by the court, it did not alone warrant the unreasonable departure from the guidelines which is evident in this case. It did not justify the court's imposing upon this four time felony offender a sentence which was appropriate only for a first time offender.

The judgment of sentence is vacated, and the case is remanded for resentencing. Jurisdiction is not retained.