**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Russell L. DIAMOND, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 8, 2008.

Filed March 20, 2008.

---

David J. Arnold, Jr., Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Harry W. Fenton, Lebanon, for appellee.

BEFORE: LALLY–GREEN, GANTMAN, JJ., and McEWEN, P.J.E.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered on August 30, 2006, upon the conviction of Appellee Russell L. Diamond, Jr. ("Diamond"). We vacate and remand.

¶ 2 The trial court summarized the facts as follows:

> [T]he Pennsylvania State Police (PSP) attempted to serve a warrant on [Diamond] at his home. A daylong standoff occurred and entry was ultimately made by a PSP Special Emergency Response Team (SERT). While the troopers were entering[,] they heard the sound of a gun shot from inside the home. A gunshot struck the door jam near where two troopers were standing. The two troopers saw [Diamond] standing holding a shotgun after they entered into the home. [Diamond] was ultimately arrested without further incident.

Trial Court Opinion, 6/22/07, at 1.

¶ 3 On August 11, 2005, Diamond was charged with criminal attempt/ criminal homicide (Count I), aggravated assault (Count II), aggravated assault (Count III), terroristic threats (Count IV), recklessly endangering another person (Count V), simple assault (Count VI), recklessly endangering another person (Count VII), and resisting arrest or other law enforcement (Count VIII). 18 Pa.C.S.A. §§ 901, 2501(a), 2701(a)(3), 2702(a)(2), 2702(a)(6), 2706(a)(1), 2705, 5104.

¶ 4 On May 3, 2006, following a jury trial, Diamond was found guilty on all Counts, except Count I.[1] Sentencing was scheduled for August 2, 2006.

¶ 5 On August 2, 2006, the parties appeared before the sentencing court. During that proceeding, the Commonwealth stated that 42 Pa.C.S.A. § 9712[2] mandated a minimum sentence of at least five years of total confinement on Diamond's Count

---

1. The jury was unable to reach a verdict on Count I. At the Commonwealth's request, the trial court ordered a *nolle prosequi* of Count I on September 8, 2006.

2. The statute provides:

   **§ 9712. Sentences for offenses committed with firearms**
   **(a) Mandatory sentence.**—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

   * * *

   **(c) Authority of court in sentencing.**— There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.
   42 Pa.C.S.A. § 9712(a), (c). Section 9714 defines a "crime of violence" as, *inter alia,* "aggravated assault as defined in 18 Pa.C.S.A. § 2702(a)(1) or (2) (relating to aggravated assault)...." 42 Pa.C.S.A. § 9714(g).

II aggravated assault conviction. Referring to § 9712(b), which states that "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided [to the defendant] after conviction and before sentencing[,]" the court asked the Commonwealth whether notice was given to Diamond and, if so, whether it was given "post-conviction and prior to sentencing." 42 Pa.C.S.A. § 9712(b). N.T., 8/2/06, at 8. The Commonwealth answered that although it did not formally notify Diamond of its intention to proceed under § 9712 after he was convicted, it had notified Diamond of its intention in this regard during the discovery process, through statements it made on three receipts provided to defense counsel.[3]

¶ 6 The court deferred ruling on whether the Commonwealth satisfied § 9712's notice requirement, and continued Diamond's sentencing until August 30, 2006.

¶ 7 On August 30, 2006, the court sentenced Diamond to an aggregate prison term of 30 months to six years. Specifically, the court imposed concurrent terms of 30 months to six years for Counts II and III, a concurrent term of 11 months to five years for Count IV, and a concurrent term of four months to two years for Count

VIII.[4] In doing so, the court refused to consider application of § 9712's mandatory minimum, based on its determination that the Commonwealth failed to satisfy the statute's notice requirement. The court reasoned that the statements the Commonwealth made to Diamond on receipts during discovery of its intent to pursue § 9712's mandatory minimum sentence were insufficient as a matter of timing and content. The court also concluded that the statement the Commonwealth made regarding application of § 9712's mandatory minimum sentence to Diamond on August 2, 2006 (the day that Diamond's sentencing was continued) did not constitute "reasonable notice ... after conviction and before sentencing" under the statute. Trial Court Opinion, 6/22/07, at 7. The Commonwealth filed [5] this timely appeal.[6]

¶ 8 The Commonwealth raises two issues on appeal. In reverse order, they are:

1. Whether the trial court erred/ abused its discretion by refusing to apply the mandatory five (5) year prison sentence required by 42 Pa. C.S.A. § 9712, since Appellee was convicted of using a firearm in the commission of his crimes?

---

3. On November 9, 2005, February 13, 2006, and February 27, 2006, defense counsel executed a "Discovery Conference Memo," acknowledging inspection and receipt of discovery materials from the Commonwealth. At the bottom of each document, the following was written:

Please be advised that if any enhancement and/or mandatory sentence under the Pennsylvania Sentencing Guidelines is indicated by your client's charges, the Commonwealth will be seeking that mandatory sentence and/or enhancement in regard of these charges.

Trial Court Opinion, 6/22/07, at 6.

4. Counts V, VI, and VII were merged for purposes of sentencing.

5. Section 9712 states that "[i]f a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section." 42 Pa.C.S.A. § 9712(d).

6. On January 5, 2007, the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal within 14 days under Pa.R.A.P.1925. The Commonwealth complied, filing its Rule 1925(b) statement on January 10, 2007. The trial court issued a Pa.R.A.P.1925(a) opinion on June 22, 2007.

2. Whether the trial court erred/abused its discretion by intentionally ignoring Appellee's prior criminal record, ignoring the deadly weapon enhancement guidelines and sentencing Appellee below the mitigated range of the standard sentencing guidelines?

Commonwealth's Brief at 6.

¶ 9 In its first issue, the Commonwealth challenges the sentencing court's refusal to apply § 9712's mandatory minimum sentence in the instant case. The Commonwealth argues that on August 2, 2006, it gave Diamond the notice that § 9712 required the Commonwealth to give.[7] The Commonwealth contends that the sentencing court misconstrued the statute in reaching a contrary conclusion.

¶ 10 Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. *Commonwealth v. Leverette*, 911 A.2d 998, 1002 (Pa.Super.2006). Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. *Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa.Super.2006). Our standard of review over such questions is *de novo* and our scope of review is plenary. *See Leverette*, 911 A.2d at 1002.

¶ 11 What notice § 9712 requires of the Commonwealth is a question of statutory construction. Therefore, the Statutory Construction Act of 1972 ("Act") controls. 1 Pa.C.S.A. § 1501 *et seq*. The Act instructs, in relevant part that, "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly, and

'[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'" 1 Pa.C.S.A. § 1921(a), (b). A court should resort to other considerations, such as the General Assembly's purpose in enacting a statute, only when the words of a statute are not explicit. 1 Pa.C.S.A. § 1921(c). The Act also provides that "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage," but that "technical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning." 1 Pa.C.S.A. § 1903(a). Finally, in ascertaining the General Assembly's intent, we may presume that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1).

¶ 12 With these principles in mind, we begin with the words of § 9712(b). The statute states:

§ 9712. Sentences for offenses committed with firearms

\* \* \*

**(b) Proof at sentencing.**—Provisions of this section shall not be an element of the crime **and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.** The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford

---

**7.** The Commonwealth also argues that the sentencing court erred in concluding that the statements it made on the discovery receipts given to defense counsel were insufficient as notice under § 9712. *See supra* at 3 & n. 3. Due to our resolution of the other issues raised by the Commonwealth, we need not and do not address this question.

the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712(b) (emphasis in text added). Presently, the words in § 9712(b) we are called upon to interpret and apply are "reasonable notice" given "after conviction and before sentencing." 42 Pa. C.S.A. § 9712(b).

¶ 13 We first observe that this Court has already determined the meaning of "reasonable notice," as used in the statute. In *Commonwealth v. Rizzo*, 362 Pa.Super. 129, 523 A.2d 809 (1987), we likened the term "reasonable notice" in § 9712 to "adequate notice," stating that "to be adequate, notice must be sufficient to permit an objection or a defense[,]" and concluded that what constitutes "reasonable notice" under § 9712 depends on the circumstances. *Id.* at 811, *citing Black's Law Dictionary* 37 (5th ed.1979). In this same vein, Black's Law Dictionary defines "reasonable notice" as: "Notice that is fairly to be expected or required under the particular circumstances." *Black's Law Dictionary* 1008 (7th ed.1990). *See* 1 Pa.C.S.A. § 1903(a).

¶ 14 As to the meaning of the phrase "after conviction and before sentencing" in § 9712, we note that that the word "after" means "a later time than[,]" and that the word "before" means "previous to; earlier than." *Random House Webster's Dictionary* 13, 63 (3d ed.1998). **See** 1 Pa.C.S.A. § 1903(a).

¶ 15 Now, we address whether, in light of the record, the Commonwealth provided the notice that the Legislature intended be given under § 9712. As the record reveals, Diamond was convicted on May 3, 2006. On August 2, 2006, the Commonwealth and Diamond appeared before the sentencing court. At that proceeding, the

Commonwealth stated that it was pursuing a sentence under § 9712. Diamond's sentencing was continued. Diamond was sentenced on August 30, 2006. Thus, the Commonwealth notified Diamond after his conviction and almost one month before his sentencing that it intended to pursue application of § 9712.

¶ 16 In light of § 9712's plain meaning and the presumption that the Legislature does not intend unreasonable results in its enactments, we conclude that the Commonwealth did indeed give "reasonable notice" to Diamond of its intent "after conviction and before sentencing" within the meaning of § 9712. 42 Pa.C.S.A. § 9712(b). *See* 1 Pa.C.S.A. §§ 1921(b), 1922(1). *See also Commonwealth v. Saksek*, 361 Pa.Super. 173, 522 A.2d 70, 72 (1987) (concluding that three days notice prior to sentencing constituted reasonable notice under § 9712, particularly where the information specifically referred to the defendant pointing a gun at the store clerk and testimony was given at trial to the same extent). Therefore, we also conclude that the sentencing court's refusal to consider whether § 9712's mandatory minimum sentence should be applied to Diamond was erroneous.

¶ 17 Accordingly, since the record reflects that the sentencing court did not follow § 9712(b) and did not determine at Diamond's sentencing whether the statute is applicable by a preponderance of the evidence by considering any evidence presented at trial and affording the Commonwealth and Diamond the opportunity to present any necessary additional evidence, we will remand this case for the sentencing court to do so. *See* 42 Pa.C.S.A. § 9712(b).

¶ 18 We now turn to the Commonwealth's second issue. In it, the Commonwealth challenges the discretionary aspects of Diamond's sentence.

¶ 19 A challenge to the discretionary aspects of a sentence is considered a petition for permission to appeal because the right to pursue such a claim is not absolute. *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004). Therefore, the petitioner must set forth in its brief a concise statement of the reasons relied upon for allowance of appeal. Pa. R.A.P. 2119(f). Further, the petitioner must demonstrate that a substantial question exists as to whether the sentence imposed is inappropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). This Court has concluded that a substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa.Super.2005), *aff'd*, 590 Pa. 480, 913 A.2d 207 (2006), *cert. denied*, — U.S. ——, 127 S.Ct. 2262, 167 L.Ed.2d 1103 (2007) (citations omitted).

¶ 20 Presently, the Commonwealth sets forth a Pa.R.A.P. 2119(f) statement in its brief. The Commonwealth argues, *inter alia*, that the sentencing court ignored the proper prior record score and the deadly weapon enhancement in determining the guideline sentence for Diamond. *See* 204 Pa.Code §§ 303.4, 303.10.[8] Preliminarily, we conclude that the Commonwealth's Pa. R.A.P. 2119(f) statement presents a substantial question for review. *Commonwealth v. Magnum*, 439 Pa.Super. 616, 654 A.2d 1146, 1149 (1995) (determining that issues relating to the sentencing court's failure to consider the mandatory deadly weapon enhancement raise substantial questions).

¶ 21 We now address the merits of the Commonwealth's challenge to the discretionary aspects of Diamond's sentence. The Supreme Court has set forth our standard of review, stating:

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." In more expansive terms, our Court recently offered: "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."

\* \* \*

[T]he abuse of discretion standard includes review of whether the judgment exercised was unreasonable. [T]he Sentencing Code sets forth a requirement of appellate review for whether a sentence outside of the guidelines is "unreasonable." 42 Pa.C.S. § 9781(c). Thus, the statutory unreasonableness inquiry is a component of the jurisprudential standard of review for an abuse of discretion.

---

8. The Commonwealth also contends that the sentencing court did not consider the factors set out in 42 Pa.C.S.A. § 9721(b), that Diamond's sentence was too lenient, and that the court stated inadequate reasons imposing a sentence that fell below the applicable mitigated range. Due to our resolution of the other issues presented by the Commonwealth, we need not and do not address these issues.

*Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 961–962 (2007) (case citations and footnotes omitted).

¶ 22 The Commonwealth contends that the sentencing court failed to determine Diamond's guideline sentence correctly because it ignored Diamond's 1958 Alaska conviction for burglary in calculating his prior record score and disregarded application of the deadly weapon enhancement. 204 Pa.Code §§ 303.4, 303.8(f), 303.10(2)(i).

¶ 23 This Court has repeatedly recognized that a sentencing court is not obligated to sentence within the sentencing guidelines. *Commonwealth v. Archer*, 722 A.2d 203, 210 (Pa.Super.1998) (*en banc*). At the same time, however, this Court has repeatedly instructed that the sentencing court must correctly apply the sentencing guidelines to reach the correct point of departure, before exercising its discretion to depart from the guidelines in any particular case. *Id.*

¶ 24 These rules apply to the deadly weapons enhancement. *Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 919 (1994). We have explained that "[t]he trial court lacks the discretion to refuse to apply the deadly weapon sentencing enhancement. The court's discretion comes into play when it is time to impose a sentence, once the court determines the adjusted sentencing guideline range." *Id.* (citation omitted).

■ ¶ 25 Likewise, these rules apply to the calculation of a defendant's prior record score. *See Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172, 1174 (1987). The sentencing guidelines are construed under the Statutory Construction Act. *Id.* The guidelines plainly state that "determination of the correct prior record score ... is based on the type and number of prior convictions[,]" and that "[a]n out of

state, federal or foreign conviction ... is scored as a conviction for the current equivalent Pennsylvania offense." 204 Pa. Code §§ 303.4, 303.8(f). *See Bolden*, 532 A.2d at 1175. We have recognized that in adopting the sentencing guidelines, "the Sentencing Commission 'considered it important to count all non-Pennsylvania crimes systematically[,]'" and that the court is required to score such a conviction as it would a " 'current equivalent Pennsylvania offense'" when calculating a prior record score based upon a foreign state conviction. *Id.* at 1175, *citing* former 204 Pa.Code § 303.7(d). Further, "[n]either the Sentencing Code nor the sentencing guidelines place any time limits on offenses to be included in the prior record score, as such criminal history is relevant to sentencing." *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415, 419 (1992), *overruled on other grounds, Archer*, 722 A.2d at 211.

¶ 26 At Diamond's sentencing, the parties differed on what the recommended guideline sentence was for Diamond's Count II aggravated assault conviction. The Commonwealth contended that the sentencing guidelines required a prior conviction score of three, to account for Diamond's burglary conviction, and inclusion of the deadly weapon enhancement, such that the recommended standard range sentence for Count II was 60 to 72 months. N.T., 8/30/07, at 10. *See* 204 Pa.Code § 303.18. Diamond, however, urged the court to use a prior record score of zero and not to apply the deadly weapon enhancement, contending that the recommended standard range sentence for Count II was 22 to 36 months. *Id.* at 4. *See* 204 Pa.Code § 303.16.[9]

¶ 27 In arriving at Diamond's sentence, the court adopted Diamond's approach.

9. It is undisputed that the proper offense gravity score under the Sentencing Guidelines

is 10. *See* 204 Pa.Code § 303.3. Further, it is not disputed that Diamond has a prior convic-

The court "discounted" Diamond's prior conviction and did not apply the deadly weapon enhancement, stating:

> I have looked at the guideline ranges. I am not one to sit here and state that I believe that the when the [S]entencing [C]ommission comes up with the sentencing guidelines they believe that we are going to be looking at somebody's conviction from 48 years ago. We're going to be looking at what you're doing 48 years later and that's going to impact on their sentence, the later on [sic] when they lived that 48 years crime free. So, I know that the sentencing guidelines are advisory only.
>
> I have considered the sentencing guidelines. I have considered the guideline ranges that would be in play here if you have a prior record score of three. And I have considered the additional information that [defense counsel] provided. I discounted that conviction from 48 years ago.
>
> But after considering all those items, Mr. Diamond, again there is a price to pay. I have selected a sentence that falls within the standard range as calculated as if you didn't have that prior conviction 48 years ago, and that range is still 22 to 36 months.

N.T., 8/30/06, at 18–19.

¶ 28 By using a prior record score that did not reflect Diamond's prior conviction and disregarding the deadly weapons enhancement, the sentencing court departed from the rule that it was required to begin its consideration of Diamond's sentence from the correct starting point under the sentencing guidelines. *See Archer*, 722 A.2d at 210. Therefore, we conclude that the court abused its discretion in sentencing Diamond. *Id.*

¶ 29 Accordingly, we vacate Diamond's sentence and remand to the sentencing court for re-sentencing. On remand, the court is to: (1) follow the dictates of § 9712(b) and determine whether § 9712 is applicable to Diamond; and (2) determine the guideline sentence recommendations under the Sentencing Guidelines.

¶ 30 If the court determines that § 9712 applies, it shall sentence Diamond accordingly, under § 9712 and 204 Pa.Code § 303.9(h).[10] *See also Commonwealth v. Morgan*, 425 Pa.Super. 344, 625 A.2d 80, 85 (1993), *appeal denied*, 535 Pa. 667, 634 A.2d 1115 (1993) ("Since the trial court must consider both the mandatory minimum sentence and the deadly weapons enhancement in fashioning sentence ... the trial court must add the deadly weapons enhancement to the appropriate sentencing ranges to ascertain whether the sentence should be higher than the mandatory minimum."). If the sentencing court determines that § 9712 does not apply, and wishes to impose a sentence outside the sentencing guidelines, it may do so, provided it places adequate reasons for the deviation on the record.

¶ 31 Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

---

tion for burglary or that the requirements for applying the deadly weapon enhancement to Diamond are met.

10. The Code provides that "the court has no authority to impose a sentence less than that required by a mandatory minimum provision established in statute. When the guideline range is lower than that required by a manda-

tory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation. When the sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline sentence recommendation." 204 Pa.Code § 303.9(h).