J-S05036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREUD LABARRIERE | : | |
| | : | |
| Appellant | : | No. 1392 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004555-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING MEMORANDUM BY SHOGAN, J.:   **FILED: MAY 13, 2020**

I agree with the learned Majority that appellate counsel has failed to present for direct review an issue of arguable merit and that remand is required.  The Majority frames the issue as: "Whether [Appellant] knowingly refused breath testing, where the record does not reflect whether [Appellant] was informed of the [mandatory] criminal penalties."  Majority Memorandum at 6.  As framed, the issue to be addressed on remand could be interpreted as a non-waivable challenge to the legality of Appellant's sentence, *i.e.*, the proper application of a mandatory minimum sentence.  ***See Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super. 2008) (stating, generally, that a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of sentence).

However, to the extent that the issue is interpreted as an evidentiary challenge pursuant to **Birchfield v. North Dakota**, ___ U.S. ___ , 136 S.Ct. 2160 (2016), I must observe that Appellant attempted to have a motion to suppress evidence presented to the trial court by trial counsel. N.T., 3/13/19, at 3-4. Without any indication as to the basis of the request to suppress, trial counsel refused Appellant's request stating to the court: "We spoke about the issues with [Appellant] and let him know why it was a bad idea and that **there were no issues to consider for suppression**." **Id**. at 4 (emphasis added). Hence, I write separately to further alert Appellant of the possibility of a challenge to the effective assistance of trial counsel, which must be presented in a timely PCRA petition. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal").

Regardless, I agree with the Majority that remand at this juncture is critical so that the issue may be properly developed and vital points in the record amplified.

Judge Kunselman joins this Concurring Memorandum.