J-S26041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DAVID STEWART | : | No. 1361 MDA 2020 |

Appeal from the Order Entered September 21, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000945-2019

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: NOVEMBER 19, 2021**

The Commonwealth of Pennsylvania appeals from the trial court's Order granting, in part, the Motion to Quash Information filed by the Appellee, Anthony David Stewart ("Stewart"), and directing Stewart to file a Motion to withdraw his guilty plea, or, in the alternative, allowing Stewart to be sentenced for the charges of Driving Under the Influence of Alcohol ("DUI")— Highest Rate, and DUI—General Impairment as first offenses.[1,2] We affirm.

In its December 23, 2020, Opinion, the trial court summarized the history underlying the instant appeal as follows:

---

[1] ***See*** 75 Pa.C.S.A. § 3802(a)(1) and (c).

[2] The Commonwealth has certified that the trial court's Order will terminate or substantially handicap its prosecution, in accordance with Pa.R.A.P. 311(d).

On March 26, 2013, [Stewart] was charged with [DUI]— Highest Rate ([misdemeanor ("M")]), DUI []—General Impairment (M), and related Summary Offenses. On October 2, 2013, [Stewart] was accepted into the Accelerated Rehabilitative Disposition [(["ARD")]] Program of Lebanon County on those charges. On March 13, 2015, [Stewart] completed the ARD Program.

On April 18, 2019, [Stewart] was charged with DUI []— Highest Rate, Second Offense ([first-degree misdemeanor])[;] DUI []—General Impairment, Second Offense (M)[,] and related Summary Offenses. … [On October 8, 2019, Stewart entered a negotiated guilty plea to the DUI offense, each as a second offense, in exchange for a sentence of 90 days in jail, and compliance with a drug and alcohol evaluation.] On May 20, 2020, the Superior Court of Pennsylvania issued a decision which held that a prior acceptance of ARD, absent proof beyond a reasonable doubt [that] a defendant committed the prior offense, cannot be counted as a prior offense for DUI sentencing purposes. [**See Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020).]

Trial Court Opinion, 12/23/20, at 1-2 (footnotes omitted).

Following this Court's decision in **Chichkin**, Stewart filed a Motion to Quash the DUI charges graded as second offenses.[3] After the filing of briefs and oral argument, the trial court entered an Order directing Stewart to file a motion to withdraw his guilty plea within 14 days. Trial Court Order, 9/21/20, at 1. The trial court further directed that, "[i]f [Stewart] fails to do so, he shall appear for sentencing …, consistent with the [d]ecision in this case that the ARD does not constitute a first conviction and that the mandatory minimums would be amended." **Id.** at 1-2.

_____

[3] Section 3804 of the Motor Vehicle Code sets forth mandatory minimum sentences for first, second, and subsequent DUI offenses. **See** 75 Pa.C.S.A. § 3804.

- 2 -

On September 23, 2020, the Commonwealth filed a Motion to Modify/Reconsider the trial court's September 21, 2020, Order. On September 24, 2020, the trial court declined to sign the Commonwealth's proposed Order.[4] On October 8, 2020, as Stewart had not filed a motion to withdraw his plea, the trial court filed an Order scheduling Stewart's sentencing hearing for October 28, 2020. Trial Court Order, 10/8/20. On October 21, 2020, the Commonwealth filed the instant timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth presents the following claim for our review:

Did the trial court err in directing that [Stewart], who was awaiting sentenc[ing] after entering a negotiated guilty plea to a second-offense DUI, appear for sentencing as a first-time DUI offender with automatic amendment of his mandatory minimums on the basis of the *Chichkin* decision, when that Order deprived the Commonwealth—in contradiction to the language and intent of *Chichkin*—of the opportunity to offer proof beyond a reasonable doubt before a trier of fact that [Stewart] had committed a previous DUI?

Commonwealth's Brief at 6.

The Commonwealth claims that the trial court improperly granted Stewart's Motion to Quash, and further erred by directing Stewart to appear for sentencing as a first-time DUI offender. *Id.* at 22. According to the

_____

[4] The word "unsigned" is handwritten across the proposed amended sentencing order, along with a stamp indicating that the parties were notified of the trial court's action on September 24, 2020.

Commonwealth, the trial court misinterpreted **Chichkin** as precluding the Commonwealth from proving that Stewart had committed the prior DUI offense underlying his ARD acceptance. **Id.** at 23-24. The Commonwealth argues that "the trial court deprived the Commonwealth of the opportunity to provide the proof specifically permitted by **Chichkin**." **Id.** at 24. The Commonwealth argues that the trial court should have required Stewart to either accept the terms of the negotiated plea, or proceed to trial, during which the Commonwealth would prove the prior DUI offense. **Id.** Further, the Commonwealth asserts that the trial court "rewarded" Stewart by not requiring him to withdraw his plea. **Id.**

The Commonwealth claims that the trial court erred in its interpretation of **Chichkin** and its progeny. **Id.** at 25. The Commonwealth would distinguish **Chichkin** and **Commonwealth v. Roche**,[5] because the defendants in those cases already had been sentenced. Commonwealth's Brief at 26. According to the Commonwealth, "[t]he procedural posture of the instant case is critically different[,]" as Stewart was awaiting sentencing. **Id.** at 27. The Commonwealth further points out that Stewart had entered a negotiated guilty plea to second-offense DUI charges. **Id.** at 28-29. The Commonwealth

_____

[5] This Court consolidated the appeal of Lisa Roche ("Roche"), **Commonwealth v. Roche**, 3475 EDA 2018, with the appeal of Igor Chichkin, **Commonwealth v. Chichkin**, 3473 EDA 2018, for disposition.

argues that, by pleading guilty to second-offense DUI charges, Stewart conceded the prior DUI offenses. *Id.* at 30.

The Commonwealth further disputes the trial court's interpretation of *Chichkin* as holding that an offense for which someone has accepted ARD cannot be considered a "first offense" under any circumstances. *Id.* In support, the Commonwealth relies upon the following statement in *Chichkin*:

> Accordingly, if the Commonwealth seeks to enhance a defendant's DUI sentenced based upon that defendant's prior acceptance of ARD, **it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense**.

Commonwealth's Brief at 24 (quoting *Chichkin*, 232 A.2d at 970-71) (emphasis added). The Commonwealth asserts that the *Chichkin* Court thus recognized the availability of a procedure by which the Commonwealth could offer proof of the prior offense. Commonwealth's Brief at 23-24. According to the Commonwealth, the trial court erred by prematurely quashing Stewart's instant charges, as second-offense DUIs, because it deprived the Commonwealth of the opportunity to prove the prior offenses. *Id.* at 36.

As this case involves a question of law, our "standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa. Super. 2008).

Upon review, we cannot agree with the Commonwealth's interpretation of *Chichkin*. In *Chichkin*, a panel of this Court was asked to determine "the constitutionality of the provision of the mandatory minimum sentencing statute for [DUI], 75 Pa.C.S.[A.] § 3806, which treats a prior acceptance of

- 5 -

[ARD] in a DUI case as a prior conviction for sentencing enhancement purposes." **Chichkin**, 232 A.3d at 961. In arguing that their sentences were unconstitutional, the **Chichkin** defendants/appellants relied upon the United States Supreme Court's holding in **Alleyne v. United States**, 570 U.S. 99 (2013).[6] **Chichkin**, 232 A.3d at 964. Applying **Alleyene**, the **Chichkin** Court concluded the following:

> [T]he question presented in the present appeals is whether [the a]ppellants' prior acceptances of ARD constitute an unproven "fact," which must be submitted to a jury, or a prior conviction, which may be determined by the court at sentencing.
>
> ….
>
> [B]ecause Appellants' prior acceptances of ARD do not constitute convictions "cloaked in all the constitutional safeguards," we conclude they are a "fact" that, pursuant to **Alleyne**, **Apprendi**,[7] and their progeny, must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804. Accordingly, that portion of 75 Pa.C.S.[A.] § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional….

_____

[6] In **Alleyne**, the United States Supreme Court had held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103.

[7] **See Apprendi v. New Jersey**, 530 U.S. 466, 483 n.10 (2000) (recognizing that "[t]he judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment and found by the jury. Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense.").

*Chichkin*, 232 A.3d at 968 (two footnotes omitted; one footnote added).  In a footnote, the *Chichkin* Court explained that "[n]owhere during the guilty plea hearing did the Commonwealth prove, or did [appellant] Roche concede, that she committed the prior DUI offense.  Accordingly, her enhanced sentence violates *Alleyne* and due process concerns." *Id.* at 971 n.14.  Thus, the *Chichkin* Court reviewed only the constitutionality of the mandatory minimum sentencing statute, as applied to those defendants.  It did not consider or approve an alternative procedure by which to establish a DUI offense that underlies a prior acceptance of ARD.

Notwithstanding, we acknowledge the following statement by the *Chichkin* Court:  "[I]f the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, **it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense.**  Any lesser standard would violate due process concerns."  *Id.* at 970-71 (emphasis added, footnote omitted).  However, because the *Chichkin* Court was not asked to determine whether *any* procedure could satisfy due process concerns, the *Chichkin*

Court's statement in this regard constituted *dicta*, and is not precedential.[8]

***See Castellani v. Scranton Times, L.P.***, 124 A.3d 1229, 1243 n.11 (Pa. 2015) (defining "*dicta*" as an opinion by a court "on a question that is not essential to the decision[,]" and recognizing that *dicta* "has no precedential value.") (citation omitted)).

In the instant case, our review of the record of the guilty plea hearing discloses that the following inquiry took place:

> THE COURT: Have you had an opportunity to read over the charges and do you understand that you are charged as follows?
>
> At Action No. 945 of 2019, March 11, 2019[,] at 1240 King Street, South Lebanon Township, Count I is Driving under the Influence of Alcohol, blood alcohol content of .30[.]
>
> Count II, Driving Under the Influence of Alcohol—that first one was a second offense.
>
> Count II[,] Driving Under the Influence of Alcohol, incapable of safe driving.
>
> Two summaries, Driving While Operating Privilege is Suspended or Revoked, and Careless [D]riving.

---

[8] Moreover, the ***Chichkin*** Court could not judicially craft a new procedure that the legislature did not enact. ***See Commonwealth v. Wolfe***, 140 A.3d 651, 662-63 (Pa. 2016) (holding that a mandatory minimum sentencing statute that requires judicial fact-finding at sentencing is unconstitutional under ***Alleyne***, and that the Court could not rewrite the statute to allow the a mandatory minimum sentence based on a jury finding); ***Commonwealth v. Hopkins***, 117 A.3d 247, 262 (Pa. 2015) (holding that, after the provisions of a mandatory minimum sentencing statute became unconstitutional pursuant to ***Alleyne***, our Supreme Court could not "judicially usurp the legislative function and rewrite [the statute] or create a substantive offense which the General Assembly clearly did not desire.").

Do you understand that?

[] STEWART: Yes.

N.T., 10/8/19, at 5. After acknowledging that Stewart's initials were on the written colloquy form, the trial court inquired as follows:

THE COURT: ... [K]nowing all of the things that we discussed, do you still wish to enter a plea of guilty to the charges as may be amended by your guilty plea colloquy?

[] STEWART: Yes.

*Id.* at 6. Thus, the record reflects no express admission by Stewart that he had committed a prior DUI offense.[9]

Because the Commonwealth's claim lacks merit, we affirm the Order of the trial court.

Order affirmed. Superior Court jurisdiction relinquished.

_____

[9] Contrary to the Commonwealth's assertion, the trial court did not "reward" Stewart for failing to withdraw his guilty plea. *See* Commonwealth's Brief at 24. Under the negotiated plea, Stewart was to plead guilty to all charges, in exchange for a sentence of 90 days in jail and compliance with the results of a drug and alcohol evaluation. *See* N.T. (Guilty Plea), 10/8/19, at 4. The ? However, as discussed above, Stewart could not constitutionally be sentenced to the DUI offenses as second offenses, based upon his prior acceptance of ARD. *See Chichkin*, 232 A.3d at 968. The trial court's Order allowed Stewart to plead guilty to all charges as first offenses, as required by *Chichkin*. Thus, the trial court's Order did not constitute a "reward" to Stewart, but was the constitutionally-mandated result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2021