J-S14006-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
　　　　　　　Appellee　　　　　　　:
:
　　　　v.　　　　　　　　　　　　:
:
TITO GARCIA,　　　　　　　　　　:
:
　　　　　　　Appellant　　　　　　: No. 2844 EDA 2013

Appeal from the Judgment of Sentence June 4, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0003693-2011

BEFORE:　DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　　　**FILED MAY 15, 2015**

Tito Garcia ("Garcia") appeals from the June 4, 2013 judgment of sentence entered by the Philadelphia County Court of Common Pleas. On appeal, he challenges the trial court's application of the mandatory minimum sentence contained in 18 Pa.C.S.A. § 7508 as unconstitutional. After careful review, we vacate the sentence and remand for resentencing.

The record reflects the following relevant facts and procedural history. On March 12, 2011, police observed Garcia sell marijuana and/or cocaine to three separate people. The marijuana was contained in small plastic containers and the cocaine was packaged in small clear packets. As marked police cars approached Garcia, he ran and the police gave chase. Following his arrest, police recovered thirteen plastic containers containing marijuana approximately ten feet from the location of Garcia's arrest and a plastic bag

containing clear packets of cocaine from a location where police observed Garcia discard something during the chase.

On April 8, 2013, Garcia filed a precautionary motion to bar the application of the mandatory minimum sentencing statute, 18 Pa.C.S.A. § 7508, in anticipation of the United States Supreme Court's decision in ***Alleyne v. U.S.***, __ U.S. __, 133 S.Ct. 2151 (2013).[1] ***See*** Motion to Bar Application of Mandatory Minimum Sentence, 4/8/13, ¶¶ 1, 8, 10. Following argument on April 8, 2013, the trial court denied the motion.

On April 16, 2013, a jury convicted Garcia of two counts of possession of a controlled substance with intent to deliver ("PWID").[2] On June 4, 2013, the trial court sentenced Garcia on the drug convictions to four to eight years of incarceration followed by three years of probation. As Garcia's conviction resulted in a violation of his probation, the trial court revoked his probation and resentenced him to two to four years of incarceration followed by three years of probation, to run consecutive to the sentence for his drug convictions.

Garcia filed a timely post-sentence motion seeking reconsideration of his sentence, alleging that the sentence was "manifestly excessive, clearly unreasonable and disproportionate under the facts and circumstances of the

---

[1] The United States Supreme Court decided ***Alleyne*** on June 17, 2013.

[2] 35 P.S. § 780-113(a)(30).

case." Motion to Reconsider Sentence, 6/12/13, ¶ 6. The motion was denied by operation of law on October 10, 2013.

Garcia filed a timely notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal. Thereafter, the trial court issued a responsive opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Garcia raises three issues for our review:

1. Is not 18 Pa.C.S.A. §7508, which establishes mandatory minimum sentences for various drug trafficking offenses, unconstitutional under Alleyne v. United States, 133 S.Ct. 2151 (2013), as it requires imposition of aggravated sentences based on a judge's finding at sentencing of certain predicate facts by a preponderance of the evidence?

2. Is not 18 Pa.C.S.A. §7508 wholly void and unenforceable under Commonwealth v. Newman, [99 A.3d 86 (Pa. Super. 2014) (en banc)], as the statute's unconstitutional procedural provisions cannot be severed from the remaining provisions of the statute?

3. Even assuming *arguendo* that §7508 were severable, is not the Commonwealth barred by state and federal constitutional double jeopardy protections from invoking that statute again at resentencing, where at the original sentencing it introduced insufficient evidence, even by a preponderance standard, to prove the aggravated offense set out in §7508, that is, possession with intent to deliver between two and ten grams of cocaine?

Garcia's Brief at 3.[3]

---

[3] Based upon our disposition of the first two issues raised by Garcia, we need not address the third issue.

The first two interrelated issues Garcia raises on appeal challenge the legality of his sentence. *See Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) ("issues pertaining to *Alleyne* go directly to the legality of the sentence"). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is de novo and our scope of review is plenary." *Id.* (citation and formatting omitted).

We begin with a brief discussion of the law underlying the issues raised. The sentencing statute in question, section 7508, states, in relevant part:

> **(a) General rule.**--Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
>      \*     \*     \*
>
> (2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> > (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such

> larger amount as is sufficient to exhaust the
> assets utilized in and the proceeds from the
> illegal activity[.]
>
> * * *
>
> **(b) Proof of sentencing.**--Provisions of this section
> shall not be an element of the crime. Notice of the
> applicability of this section to the defendant shall not
> be required prior to conviction, but reasonable notice
> of the Commonwealth's intention to proceed under
> this section shall be provided after conviction and
> before sentencing. The applicability of this section
> shall be determined at sentencing. The court shall
> consider evidence presented at trial, shall afford the
> Commonwealth and the defendant an opportunity to
> present necessary additional evidence and shall
> determine, by a preponderance of the evidence, if
> this section is applicable.

18 Pa.C.S.A. § 7508(a)(2)(i), (b).

On June 17, 2013, the United States Supreme Court decided *Alleyne v. U.S.*, wherein it held that "facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2163. On November 25, 2014, in *Commonwealth v. Cardwell* this Court held that pursuant to *Alleyne*, section 7508 was facially unconstitutional in its entirety. *Cardwell*, 105 A.3d at 754-55.

Turning to the case at bar, the trial court states that Garcia did not receive a mandatory minimum sentence, and thus, Garcia is not entitled to relief:

> [T]his was not a mandatory minimum sentence that
> was influenced by the weight of narcotics. Had this
> been a mandatory minimum sentence, [Garcia]
> would have been subject to [three] to [six] years

- 5 -

> rather than the [four] to [eight] years he actually received. This court aggravated the sentence because of [Garcia]'s prior record and complete lack of remorse. Since the mandatory minimum sentence was not even implemented, it cannot be argued that this court determined an element in order to reach the mandatory minimum. Instead, this court went above that minimum because of several other factors.

Trial Court Opinion, 6/13/14, at 8. The trial court further asserts that *Alleyne* is inapplicable because Garcia stipulated that all of the cocaine recovered by police tested positive for narcotics. This evidence included the weight of the narcotics recovered, and the jury found beyond a reasonable doubt that Garcia possessed the cocaine with the intent to deliver it. *Id.* at 9. As such, the trial court concluded that because it did not make a determination regarding the weight of the cocaine – the jury made this determination beyond a reasonable doubt – the sentence should not be disturbed. *Id.*

Garcia contends that the trial court absolutely employed the mandatory minimum sentence in section 7508 when fashioning his sentence. Garcia states that the court used it "as its starting point," and then sentenced Garcia to additional time in excess of the minimum sentence based on other considerations. Garcia's Reply Brief at 2. Garcia further denies that he stipulated to the weight of the drugs or that the Commonwealth presented any evidence of the weight of the drugs recovered. Garcia's Brief at 13 & n.6.

Although the trial court did not specify that it was utilizing the mandatory minimum sentence contained in section 7508(a)(2)(i) in fashioning Garcia's sentence, the record reflects that it did. Prior to trial, Garcia filed a motion seeking to bar consideration of section 7508 at sentencing, which the trial court denied. N.T., 4/8/13, at 8. At sentencing, it is clear that both parties were operating under the assumption that the mandatory minimum sentence was in play – the Commonwealth presented evidence that the cocaine seized weighed over two grams and Garcia requested that the trial court not go above the mandatory minimum sentence of three to six years. N.T., 6/4/13, at 6-7. The trial court did not make a specific finding at sentencing regarding the weight of the cocaine in Garcia's possession, but, as it states in its written opinion, it did not believe it needed to because of its conclusion that the weight of the cocaine was proven at trial. **See** Trial Court Opinion, 6/13/14, at 9.

The law requires the trial court to consider the sentencing guidelines when sentencing a criminal defendant. 42 Pa.C.S.A. § 9721(b); **see** 204 Pa. Code § 303.16(a). If the trial court imposes a sentence outside of the guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines[.]" 42 Pa.C.S.A. § 9721(b). However, "[w]hen the guideline range is lower than that required by a mandatory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation." **Commonwealth v. Diamond**,

945 A.2d 252, 260 n.10 (Pa. Super. 2008) (quoting 204 Pa. Code § 303.9(h)). The record reflects that at sentencing, the trial court made no mention of the sentencing guidelines, and despite sentencing Garcia in excess of the guideline range,[4] the trial court did not provide a contemporaneous written statement for its reason for deviating from the sentencing guidelines in the record.

Moreover, at the time of Garcia's sentencing, Garcia's sentence would have been illegal if the trial court had **not** sentenced Garcia pursuant to section 7508:

> **(c) Mandatory sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole or work release or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.
>
> **(d) Appellate review.--**If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this

---

[4] **See** 204 Pa. Code § 303.16(a).

> section if it finds that the sentence was imposed in violation of this section.

18 Pa.C.S.A. § 7508(c)-(d) (footnote omitted).

Based upon our review of the record and the law, we conclude that the trial court applied the mandatory minimum sentence in section 7508(a)(2)(i) when sentencing Garcia. Simply because the trial court did not sentence Garcia to the precise term of years called for in section 7508(a)(2)(i), instead sentencing him to a longer term of incarceration, does not mean that the court did not sentence Garcia pursuant to section 7508. Section 7508(c), quoted above, expressly permits the trial court to impose a sentence greater than the mandatory minimum sentence provided in the statute. *See* 18 Pa.C.S.A. § 7508(c). Thus, although the trial court imposed a lengthier sentence than the mandatory minimum called for, it nonetheless sentenced Garcia pursuant to section 7508(a)(2)(i), rendering Garcia's sentence illegal based upon **Cardwell** and **Alleyne**.

The learned Dissent contends that this is a challenge to the discretionary aspects of Garcia's sentence, not a question of the legality of his sentence, as the trial court had the authority to impose the sentence it did when it sentenced Garcia. Diss. at 2-3. We respectfully disagree. Although **Alleyne** was not decided at the time the trial court imposed Garcia's sentence, this Court, sitting en banc, has held that **Alleyne** applies retroactively and has treated questions on appeal involving the retroactive

application of *Alleyne* as a legality of sentencing issue. *See Newman*, 99 A.3d at 90.

Furthermore, the fact that the sentence imposed is less than the statutory maximum does not render this a legal sentence. *See* Diss. at 3 n.2. In *Newman*, for example, a case decided nearly a year before *Alleyne*, the trial court sentenced the defendant to the then-legal mandatory minimum sentence in 42 Pa.C.S.A. § 9712.1 for his PWID cocaine conviction.[5] *Newman*, 99 A.3d at 89. Although the defendant's five-to-ten-year term of imprisonment did not exceed the statutory maximum sentence permitted,[6] *see id.*, this Court found that the defendant's sentence was illegal because the trial court sentenced him pursuant to section 9712.1 and that the statute violated the dictates of *Alleyne*.[7] *Id.* at 103. Thus, while

---

[5] This statute provides: "Any person who is convicted of a violation of [35 P.S. 780-113(a)(30)], known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement." 42 Pa.C.S.A. § 9712.1(a).

[6] Pursuant to 35 P.S. § 780-113(f)(1.1), the maximum sentence for PWID cocaine is ten years of incarceration.

[7] Specifically, this Court found section 9712.1 unconstitutional because "[i]t permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs," in violation of *Alleyne*. *Newman*, 99 A.3d at 98.

the Dissent is correct that Garcia's sentence was lawful at the time of his sentencing, it is nonetheless illegal now and must be vacated as a result. *See Commonwealth v. Thompson*, 106 A.3d 742, 759 (Pa. Super. 2014) ("An illegal sentence must be vacated.").[8]

Additionally, we note that although the defendant stipulated at trial to the weight of the drugs, in *Cardwell* this Court held that this does not remove the case from the ambit of *Alleyne*. Like Garcia, the defendant in *Cardwell* stipulated at trial to the weight of the drugs recovered. *Cardwell*, 105 A.3d at 754. The trial court in *Cardwell* concluded that the Commonwealth proved the weight of the drugs beyond a reasonable doubt, alleviating any *Alleyne*-related problem. *Id.* On appeal, we disagreed, stating that section 7508(b) was not severable from the rest of the statute. *Id.* Further, relying on this Court's prior decisions in *Newman*[9] and

---

[8] We note that *Alleyne* is inapplicable to questions concerning a judicially decided fact that elevated the sentence beyond the statutory maximum. Rather, such cases are governed by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), wherein the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

[9] In *Newman*, we rejected the Commonwealth's suggestion that we remand for a sentencing jury to make the required determination, stating "that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*." *Newman*, 99 A.3d at 102.

*Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014),[10] the

*Cardwell* Court stated, "[C]reating a new procedure in an effort to impose a

mandatory minimum sentence is **solely** within the province of the

legislature." *Cardwell*, 105 A.3d at 754-55 (emphasis supplied). The Court

thus concluded that the trial court erred by imposing the mandatory

minimum provided for in section 7508. *Id.* at 755.

For all of these reasons, we conclude that the sentencing court

sentenced Garcia pursuant to the mandatory minimum sentence contained

in section 7508(a)(2)(i), and based upon its consideration of other factors

(Garcia's prior record score and lack of remorse), sentenced Garcia above

the mandatory minimum. *See* Trial Court Opinion, 6/13/14, at 8; *see also*

18 Pa.C.S.A. § 7508(c). Section 7508, in its entirety, is unconstitutional.

*Cardwell*, 105 A.3d at 755. As such, the trial court's reliance upon section

---

[10] In *Valentine*, we held that the mandatory sentencing provisions contained in section 9712 and 9713 of the Sentencing Code were unconstitutional pursuant to *Alleyne*, as both sections required the trial court to determine by a preponderance of the evidence factors triggering the implementation of a mandatory minimum sentence. *Valentine*, 101 A.3d at 809, 812. Although in *Valentine*, the jury, not the trial court, determined on the verdict slip the existence of the factors triggering the application of sections 9712 and 9713, we concluded that pursuant to *Newman*, "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*." *Id.* at 811.

7508 when sentencing Garcia was error, necessitating that we vacate Garcia's sentence and remand for resentencing.[11]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Musmanno, J. joins the Memorandum.

Olson, J. files a Dissenting Memorandum.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015

---

[11] In reaching this conclusion, we do not "transform[] Pennsylvania's now-invalid mandatory sentencing schemes into a sentencing cap," as the Dissent suggests. **See** Diss. at 1. Our holding here goes no further than to apply the law to the case before us. As stated, the record reveals that the trial court sentenced Garcia pursuant to section 7508(a)(2)(i), which the United States Supreme Court and this Court have since found to be an illegal sentence, requiring that we vacate Garcia's sentence and remand for resentencing. We do nothing to infringe upon a trial court's discretion at sentencing.