**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT FERST | |
| Appellant | No. 1007 EDA 2016 |

Appeal from the Judgment of Sentence dated March 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0605551-2002

BEFORE:    DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED OCTOBER 30, 2017**

Appellant Vincent Ferst appeals from the judgment of sentence imposed on March 21, 2013, following a remand by this Court for resentencing. With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[1] brief, stating that the appeal is wholly frivolous. For the reasons that follow, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

In 2003, Appellant was convicted by a jury of two counts of robbery, one count of aggravated assault, and one count of criminal conspiracy.[2] The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] 18 Pa.C.S. §§ 3701(a)(1), 2702(a)(1), and 903, respectively. Appellant was simultaneously convicted of related charges on four other docket
*(Footnote Continued Next Page)*

court imposed mandatory minimum sentences of five to ten years' incarceration on both robbery counts, pursuant to 42 Pa.C.S. § 9712(a).[3] Appellant also received sentences of two to five years' incarceration for aggravated assault and thirty months to five years' incarceration for criminal conspiracy. Each of these four sentences were to be run consecutively.[4] Appellant filed a post-sentence motion requesting new counsel, which was denied by operation of law. In 2007, after Appellant's appellate rights were twice reinstated *nunc pro tunc* via PCRA[5] petitions, we affirmed Appellant's judgment of sentence. **See Commonwealth v. Ferst**, No. 1577 EDA 2006, 935 A.2d 10 (Pa. Super. Aug. 10, 2007), **appeal denied**, 940 A.2d 362 (Pa.

---

*(Footnote Continued)*

numbers: on docket numbers CP-51-CR-0605562-2002, CP-51-CR-1005471-2002, CP-51-CR-0605541-2002, and CP-51-CR-0605532-2002, Appellant was convicted of four counts of robbery, four counts of conspiracy, one count of aggravated assault, one count of robbery of a motor vehicle (18 Pa.C.S. § 3702), one count of possessing an instrument of crime (18 Pa.C.S. § 907(a)), and one count of attempted robbery of a motor vehicle (18 Pa.C.S. § 901). Appellant was acquitted of the charges he faced under docket number CP-51-CR-1005461-2002.

[3] This statute provided mandatory sentences for offenses committed with firearms.

[4] Appellant's full sentence across all docket numbers and charges aggregated to forty-four and one-half to ninety-four years' imprisonment.

[5] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

2007).[6] The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 20, 2007.[7]

In 2008, Appellant filed a timely *pro se* PCRA petition, which was amended by counsel in 2011.[8] On November 18, 2011, the PCRA court dismissed the petition.[9] On appeal from that dismissal, we found merit in Appellant's claim that his trial counsel was ineffective for failing to appeal the mandatory minimum sentences imposed on the robbery charges.[10] We therefore affirmed the order dismissing the PCRA petition in part, reversed in

_____

[6] The first PCRA petition resulted in a *nunc pro tunc* appeal, which we dismissed for counsel's failure to file a brief.

[7] Appellant's first direct appeal did not address the length of Appellant's sentences.

[8] Appellant's PCRA petition challenged trial counsel's ineffectiveness on several bases: his absence during pretrial proceedings, his failure to request severance from the co-defendant, his failure to challenge the sufficiency of the evidence on some of the charges, his failure to object during sentencing upon the court's consideration of impermissible factors, and his failure to challenge an unlawful mandatory sentence.

[9] The court granted the portion of the petition that raised issues under another docket number, CP-51-CR-0605562; in that case, the PCRA court determined that that there was insufficient evidence to sustain convictions for two counts of robbery and one count of criminal conspiracy, and it vacated the sentences for those offenses.

[10] In between Appellant's original sentencing in 2003 and the conclusion of his direct review in December 2007, the Pennsylvania Supreme Court had decided that the mandatory sentencing enhancement of 42 Pa.C.S. § 9712(a) does not apply to an unarmed co-conspirator. ***See Commonwealth v. Dickson***, 918 A.2d 95 (Pa. 2007).

part, and remanded for "limited resentencing." **See Commonwealth v. Ferst**, No. 184 EDA 2012, 64 A.3d 32 (Pa. Super. Dec. 21, 2012).

Appellant was resentenced on March 21, 2013. The sentences for each robbery charge were each reduced from five to ten years' to four to eight years' incarceration, to run concurrently to the previously imposed sentences for aggravated assault and criminal conspiracy.

Appellant filed a direct appeal on March 30, 2016, after again having his appellate rights reinstated *nunc pro tunc* via a PCRA petition. On July 25, 2016, Appellant's appointed counsel filed a brief with this Court in which he claimed Appellant's appeal was wholly frivolous, and requested leave to withdraw as counsel.[11]

In an unpublished memorandum of March 20, 2017, we explained that counsel's request did not meet the notice requirements for a request to withdraw accompanying an **Anders** brief, as counsel had not informed Appellant of his right to proceed *pro se* in his appeal. **See Commonwealth v. Ferst**, No. 1007 EDA 2016, 2017 WL 1050415 (Pa. Super. Mar. 20, 2017) (unpublished memorandum). We therefore denied counsel's petition to withdraw and ordered counsel to file a new **Anders** brief and petition to withdraw; while retaining jurisdiction, we allowed Appellant time to thereafter file a *pro se* brief, if desired; and we allowed the Commonwealth

---

[11] The trial court did not issue a 1925(a) opinion due to counsel's stated intent to file an **Anders** brief.

time to respond. On March 30, 2017, Appellant's counsel filed a new **Anders** brief and application to withdraw. On June 16, 2017, Appellant filed a *pro se* brief on his own behalf.[12] The Commonwealth did not respond.[13]

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). We set forth the **Anders** requirements in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in [**Commonwealth v.**] **Santiago**[, 978 A.2d 349 (Pa. 2009)]. The brief must:
>
> (1)      provide a summary of the procedural history and facts, with citations to the record;
>
> (2)      refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)      set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)      state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on

---

[12] In the interim, Appellant filed a motion for an extension of time, and a motion to filed a reduced number of copies, both of which were granted.

[13] On July 27, 2017, a week after its original deadline to file a response, the Commonwealth requested an extension of time. We granted the motion and allowed the Commonwealth until September 21, 2017, to respond, but no response was filed by that deadline.

> point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief."

**Orellana**, 86 A.3d at 879-80 (brackets and some citations omitted).

We conclude, as we did with counsel's previously filed brief in this case, that it complies with the requirements as outlined in **Santiago**. **Orellana**, 86 A.3d at 879-80. Counsel provided a procedural and factual summary of the case. **Anders** Br., 3/30/17, at 8-9. The **Anders** brief states that "the only possible issue for direct appeal would be the discretionary aspect of the sentence," and refers to the portion of the record where Appellant was resentenced. **Id.** at 12. Counsel makes abundantly clear that he believes any such claim would lack merit. **Id.** at 12-14.[14] Counsel states that Appellant communicated to him that Appellant "believes that he needs to appeal every step of his case." **Id.** at 12.

_____

[14] Counsel provides the following reasons: the sentences received were in the lower half of the guidelines sentence range; the sentences run concurrently, which is an improvement over the previous consecutive sentence; the claim is waived because Appellant failed to preserve it at the time of sentencing or in a post-sentence motion; and an appeal regarding the discretionary aspect of a sentence must raise a substantial question (citing 42 Pa.C.S. § 9781(b), and Pa.R.A.P. 2119(f)).

We also find that Appellant's counsel has now complied with the necessary notice requirements in conjunction with his petition to withdraw. *Orellana*, 86 A.3d at 879-80. Appellant's counsel attached to his petition to withdraw a copy of a letter sent to Appellant, dated March 29, 2017, in which counsel advises Appellant of the above rights, including his right to proceed with the appeal *pro se*, and indicates that he has provided Appellant with a copy of the *Anders* brief.

Having concluded that counsel has satisfied the above requirements, it is now our duty to conduct our own review to determine "whether the appeal is, in fact, wholly frivolous" and to discern "if there are any additional, non-frivolous issues overlooked by counsel." *See Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*); *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015). We consider not only the *Anders* brief filed by counsel, "but also any *pro se* appellate brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super.), *appeal denied*, 936 A.2d 40 (Pa. 2007).

In his *pro se* brief, Appellant raises one issue for our review: "Is Appellant entitled to be resentenced under the dictates of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) where his sentences were consolidated?" Appellant's Brief at 4.

> Generally, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of

a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super.) (citations omitted), ***appeal denied***, 955 A.2d 356 (Pa. 2008).

Appellant argues that the mandatory minimum sentences he received on his **other docket numbers** have been rendered illegal by ***Alleyne***. Appellant's Brief at 7.[15] Appellant claims that those cases are on direct appeal due to his 2013 resentencing in the instant, related case. ***Id.*** at 7-8. Appellant also maintains that a court has unending jurisdiction to correct illegally imposed sentences. ***Id.*** at 8.

"***Alleyne*** held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016). "The effect was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." ***Id.*** A challenge that a sentence is illegal because it is based upon a statute which has been rendered unconstitutional by ***Alleyne*** may be raised at any point during a direct appeal. ***See Commonwealth v. Barnes***,

---

[15] For example, Appellant complains that he received a five to ten years' mandatory minimum sentence of incarceration for robbery of a motor vehicle at CP-51-CR-0605541-2002.

151 A.3d 121, 126-27 (Pa. 2016) (applying **Alleyne** because an appellant should receive the benefit of a new rule of law announced while a direct appeal is pending).

After careful review, we conclude that Appellant is not entitled to relief. In 2013, following remand by this Court, Appellant was resentenced on the instant docket number alone, and his mandatory minimum sentences were removed.[16] We do not agree with Appellant's assertion that the limited resentencing in 2013 on the instant docket number implicates the 2003 sentences Appellant received on **other docket numbers**. Nor are those other cases before us on appeal.

Moreover, we have previously rejected the argument that a mandatory minimum sentence imposed prior to the issuance of **Alleyne** is an illegal sentence. **See Washington**, 142 A.3d at 814 (stating that although **Alleyne** announced a new rule of law which implicates the legality of mandatory minimum sentences, "a new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality, concerning such sentences, may be premised on such a rule only to the degree that the new rule applies retrospectively"); **Commonwealth v. Ciccone**, 152 A.3d 1004, 1007 (Pa. Super. 2016) (*en banc*) (rejecting the position "that a mandatory sentencing statute rendered illegal by **Alleyne** is void *ab initio*

_____

[16] We note the new sentences Appellant received were shorter in length, within the standard range of the sentencing guidelines, and set to run concurrently.

thereby rendering any sentence imposed thereunder invalid"), ***appeal denied***, No. 27 MAL 2017, 2017 WL 2424725 (Pa. June 5, 2017).

Based on the foregoing, we agree with appellate counsel that the sentencing issue raised by Appellant lacks merit. In addition, we have reviewed the certified record consistent with ***Flowers***, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2017

- 10 -