J-S08024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH M. MILLS | : | |
| | : | |
| Appellant | : | No. 3476 EDA 2017 |

Appeal from the Judgment of Sentence, September 28, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005653-2016

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 29, 2019**

Keith Mills appeals from the judgment of sentence imposed following revocation of his parole and probation. Mills contends that his sentence exceeded the remaining time he had left to serve on his original sentence, i.e., back time, and as a result, the trial court abused its discretion in sentencing him.  Upon review, we affirm.

The trial court summarized the pertinent facts and procedural history of this case as follows:

> On May 11, 2017, [Mills] pled guilty to one count each of Alteration of Destruction of Vehicle Identification Number [18 Pa.C.S.A. § 7703], Disposition of Vehicle or Vehicle Part with Altered Vehicle Identification Number [18 Pa.C.S.A. § 7704] and Receiving Stolen Property [18 Pa.C.S.A. § 3925].  In accordance to the negotiated plea, a concurrent sentence of nine (9) to twenty-three (23) months of incarceration to be served on house arrest followed by one year of probation was imposed on each

_____
\* Former Justice specially assigned to the Superior Court.

charge. One Thousand Five Hundred ($1,500.00) Dollars restitution was also ordered. No appeal was taken.

On August 24, 2017, this [c]ourt granted [Mills'] motion to modify house arrest thereby permitting [Mills] to leave the house for work Monday through Friday from 8:00 am to 5:00 pm. On or about August 28, 2017, this Court was notified that [Mills] had violated probation [by testing positive for illegal drugs on four separate occasions and by failing to provide required documentation about his businesses]. Following a hearing on September 28, 2017, [Mills] was found to be in violation of parole and probation. [Mills' parole was revoked.] Probation was [also] revoked and [Mills] was sentenced to [concurrent terms] of two (2) to five (5) years of incarceration followed by two (2) years of probation [for disposition of a vehicle or vehicle part with altered vehicle serial number and theft by receiving stolen property; no sentence was imposed for alteration or destruction of vehicle identification number].

\*\*\*

On October 6, 2017, a *Petition to Reconsider Sentence* was filed. On October 18, 2017, the motion for reconsideration was denied. On October 23, 2017, [Mills] filed a timely notice of Appeal. A Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. Rule 1925(b) was ordered on October 30, 2017. On November 16, 2017, a Statement of Errors Complained of on Appeal was filed.

Trial Court Opinion, 6/12/18, at 1-2 (footnotes omitted). The trial court issued an opinion in accordance with Pa.R.A.P. 1925(a).

On appeal, Mills raises the following issue:

I.    Whether Mills' sentence for violation of probation which exceeded his backtime constitutes an abuse of discretion.

*See* Mills' Brief at 4.

Mills contends that the trial court's sentence imposed following the revocation of his parole and probation, "was illegal, excessive, and an abuse

of discretion." Mills' Brief at 7. His claim concerns both the legal and discretionary aspects of his sentence. We first address the legality of Mills' sentence.

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc* ). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (quoting *Commonwealth v. Watson*, 945 A.2d 174, 178–79 (Pa. Super. 2008)). Likewise, a sentence that exceeds the statutory maximum is illegal. *Commonwealth v. Bradley,* 834 A.2d 1127 (Pa. Super. 2003). If a court "imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000). "Issues relating to the legality of a sentence are questions of law . . . ." *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa. Super. 2008), *appeal denied,* 955 A.2d 356 (2008). As with all questions of law on appeal, our "standard of review is *de novo* and our scope of review is plenary." *Id.*

In support of the claim that his sentence was illegal, Mills argues that at the time of his violation, he was on parole. As a result, the trial court should only have recommitted Mills for the time remaining on his original sentence, nine (9) to twenty-three (23) months, for violating his parole. Mills' Brief at

8. Because the court sentenced him to more than that, he claims his sentence was illegal.[1] Mills' Brief at 6. We disagree.

Mills correctly argues that, upon revocation of parole, the only option available to the court is recommitment to serve the balance of the term initially imposed. *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008); *Commonwealth v. Ware*, 737 A.2d 251, 253 (Pa. Super. 1999). There is no authority for imposing a new sentence with a minimum and maximum. *Ware*, 737 A.2d at 253 (citing *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993)). However, as in *Ware*, this matter did not involve only revocation of Mills' parole. Importantly, the sentence imposed here was based also upon the revocation of Mills' probation.[2]

---

[1] In parole revocation cases, our standard of review is limited to whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). We, note, however, that Mills does not challenge the revocation of his parole, but only the length of his sentence. In fact, Mills conceded that he violated his supervision.

[2] Generally, the imposition of a sentence following the revocation of probation is vested with the sound discretion of the trial court. Absent an abuse of discretion this Court will not disturb its conclusion. *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006). Following probation violation proceedings, this Court's scope of review is limited to verifying the validity of the proceeding and the discretionary and legal aspects of the sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013).

Mills argues, however, that he could not have violated his probation because the violation occurred while he was on parole; he had not yet started serving his probation. Mills' Brief at 9. He further argues, without citation to any authority, that even under a theory of anticipatory revocation of probation, he must have been in direct violation of probation, i.e. committed a new offense, and not merely in violation for technical reasons. *Id.* Again, we disagree.

Although the violation occurred during Mills' parole period, and he had not yet begun to serve the probationary portion of his sentence, the court, nonetheless, had the authority to revoke his probation. In *Ware*, this Court reasoned:

> [F]or revocation purposes the term of probation include[s] the time beginning when probation was granted . . . . If, at any time before the defendant has completed the maximum period of probation, *or before he has begun service of his probation*, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the [c]ourt to have him under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.' *Burns v. United States*, 287 U.S. 216, 222 (1932).

*Ware*, 737 A.2d at 253-54 (quoting *Commonwealth v. Dickens*, 475 A.2d 141 (Pa. Super. 1984)) (emphasis in original).

Moreover, contrary to Mills' argument, the type of violation need not be a direct violation, i.e., a criminal offense. It is well settled that probation may

- 5 -

be revoked for conduct that does not constitute criminal behavior. *See Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010). Rather, "'[a] probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.'" *Id.* Taking these principles, in conjunction with the principles espoused in *Dickens*, we conclude that Mills did not need to commit a crime for the trial court to revoke his probation prior to its commencement.

We reached a similar conclusion in *Hoover*, *supra*. There, this Court rejected the defendant's argument that, in order for the court to revoke his probation before it commenced, he must have been committed a new criminal offense. Instead, the trial court properly revoked the defendant's probation for being intoxicated while on work release, which was prohibited under the terms of his probation. Although the defendant did not violate the law, he violated the conditions of his probation. *Hoover*, 909 A.2d at 324.

Likewise, contrary to Mills' contention, his behavior was sufficient to justify revocation of his probation even though it had not yet started. Although Mills was not charged or convicted of any new crimes, he tested positive for marijuana on several occasions and failed to provide required documentation of his business activities, both of which violated the terms of his probation.

Furthermore, the trial court found that Mills "has shown that probation was an ineffective vehicle and of no deterrence to him" and specified the reasons for its finding. Trial Court Opinion, 6/12/18, at 8. Therefore, the trial court did not abuse its discretion when it revoked Mills' probation.

Once the court revoked Mills' probation, the court had the same sentencing options available that existed at the time of the original sentencing. **Ware**, 737 A.2d at 254 (citing **Commonwealth v. Smith**, 669 A.2d 1008, 1011 (Pa. Super. 1996). The trial court stated:

> For the crimes of Alteration or Destruction of Vehicle Identification Number, Disposition of Vehicle or Vehicle Part with Altered Vehicle Identification Number and Receiving stolen Property, each of which carries an offense gravity score of five (5), the maximum penalty under the statute is seven (7) years. Here, [Mills] was sentenced under the maximum sentence allowed under the law.

Trial Court Opinion, 6/12/18, at 6. The court clearly had the authority to impose the sentence it did. The trial court noted: Mills "having violated the conditions of his parole/probation, was placed in the same position that he was in at the time of his original conviction, and this [c]ourt had the statutory authority to sentence [Mills] to a term of **total confinement up to seven years on each of the charges** to which he had plead guilty." **Id.** at 7 (emphasis added). The sentence imposed by the trial court was well within the parameters permitted under the law.

We observe, however, as we did in **Ware**, the procedure employed by the court was to sentence Mills directly on the revocation of probation. We observe, however, as we did in **Ware**, that the better approach would have

been to specify that the sentence imposed required Mills to serve the remainder of his back time on the parole violation, followed by a consecutive sentence for revocation of probation which, when added to the back time remaining from the original sentence, would equal or fall within the statutory maximum. *See Ware*, 737 A.2d at 254. However, the trial court's failure to specify Mills' sentence in these exact terms did not render the sentence illegal. *See id*. The court's statements and sentencing scheme indicate that it intended to impose a lengthier sentence of imprisonment for Mills' probation violation. Based on Mills' behavior, the court had the authority to do so and the resentencing was not illegal. Consequently, as in *Ware*, we need not remand for a clarification of Mills' sentence because the intended result is apparent.

Next, we address Mills' challenge to the discretionary aspect of his sentence. Mills argues that his sentence was unreasonably excessive considering the circumstances surrounding his violation. Specifically, Mills argues that he was not convicted of another crime, but rather was only found to be in technical violation of his probation for positive drugs tests. According to Mills, rehabilitation through a drug treatment or other rehabilitative program would be more appropriate for such a minor offense instead of incarceration. Mills' Brief at 8.

An appellant challenging the discretionary aspects of a probation-revocation sentence "has no absolute right to do so but, rather, must petition

- 8 -

this Court for permission to do so." *Kalichak*, 943 A.2d at 289. This Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S. § 9781(b)].

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, as argued by the Commonwealth, Mills' brief did not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Commonwealth's Brief at 7, 9-10. Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004). Accordingly, Mills has waived this issue for review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/19