J-S14012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMILLAH DAUGHTRY | : | |
| | : | |
| Appellant | : | No. 2358 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011405-2015

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 26, 2020**

Jamillah Daughtry appeals from the judgment of sentence of ten to twenty years of incarceration followed by five years of probation, imposed following her guilty plea to robbery and related charges.  We affirm.

The trial court summarized the factual history as follows:

> Appellant, Jamillah Daughtry, participated in a string of robberies between October 23, 2015, and October 27, 2015.  On October 23, 2015, she ordered a cab using the name "Jasmine."  When the driver arrived, Appellant approached the vehicle and asked for help.  The driver exited the vehicle at which point Appellant pointed a gun at him and demanded money.  The driver gave Appellant his wallet, which contained his debit and credit cards.
>
> On October 24, 2015, Appellant ordered a cab from a different cab company, again using the name Jasmine.  When the driver arrived, he called the number provided, and a male voice answered the phone.  An unidentified black male entered the cab and robbed the driver at gunpoint.  The driver gave the man $133.

On October 26, 2015, Appellant ordered a cab from yet another cab company, still under the name Jasmine. When the driver arrived, Appellant entered the vehicle, pointed a gun at the driver, and demanded money. The driver gave Appellant $65.

On October 27, 2015, Appellant entered the E&G Mini Mart located at 6300 Buist Avenue. She handed the cashier a note demanding that the clerk "[g]ive me everything in the register. Do not freak out or I will have my men kill you in here. You have [sixty] seconds." The cashier gave the Appellant somewhere between $200 and $300. Appellant was identified through video surveillance, and arrested, at which point she provided a statement implicating herself in all four robberies. Appellant initially identified her coconspirator in the October 24, 2015 robbery and claimed that the coconspirator had also committed two homicides. When the police investigated, they discovered that the man Appellant claimed was her coconspirator was on a tracking monitor and could not have perpetrated any of the offenses in question.

Trial Court Opinion, 10/10/19, at 1-2.

Appellant was arrested and charged with robbery and related offenses for each of the robberies at four separate docket numbers. On May 11, 2016, Appellant entered into an open plea at all four cases. On March 30, 2017, Appellant appeared for sentencing on all four dockets. At the mini-mart case, which is the subject of the instant appeal, the trial court sentenced Appellant to ten to twenty years of confinement for the robbery, a consecutive five years of probation for the possession of an instrument of crime ("PIC"), and a concurrent term of five years of probation for terroristic threats. No further

penalty was imposed, since the simple assault and reckless endangerment of another person ("REAP") charges merged.[1]

On April 2, 2017, Appellant filed a post-sentence motion for reconsideration of sentence, which was denied by operation of law on August 1, 2017. No direct appeal followed. Instead, on August 28, 2017, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), seeking reinstatement of her appellate rights in the mini-mart case. On August 12,

_____

[1] Since Appellant pled guilty and was sentenced on all four cases at the same time, the sentencing court imposed the minimart sentence concurrent with the sentences imposed in the other three robbery cases, as follows: at CP-51-CR-0000087-2016, Appellant received ten to twenty years of incarceration for robbery, five to ten years of confinement for forgery, three and one-half to seven years of confinement for carrying a firearm without a license, seven years of probation for criminal use of a communication facility, five years of probation for identity theft, five years of probation for access device fraud, five years of probation for carrying a firearm on a public street, five years of probation for PIC, and five years of probation for terroristic threats. No further penalty was imposed at receiving stolen property, simple assault, and REAP since those charges merged. At CP-51-CR-0000088-2016, Appellant received ten to twenty years of imprisonment for robbery, three and one half to seven years of imprisonment for carrying a firearm without a license, three and one half to seven years of imprisonment for criminal use of a communication facility, and five years of probation each for carrying a firearm on a public street, PIC, and terroristic threats. No further penalty was imposed at theft, receiving stolen property, simple assault, or REAP, since they all merged. Finally, at CP-51-CR-0000109-2016, Appellant received ten to twenty years of incarceration for the robbery, ten to twenty years for conspiracy, seven years of probation for criminal use of a communication facility, five years of probation for PIC, five years of probation for terroristic threats, seven years of probation for carrying a firearm without a license, and five years of probation for carrying a firearm on a public street. No further penalty was imposed at theft, receiving stolen property, simple assault, or REAP since those charges merged.

2019, the PCRA court granted Appellant's petition and reinstated her appellate rights. The same day, Appellant filed the instant appeal.

Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925. Appellant raises the following issue for our review:

> Whether the sentencing court erred as a matter of law, abused its discretion, violated the fundamental norms of sentencing and specific provisions of the sentencing code, to wit, 42 Pa.C.S.A. Section 9721(b), which requires that any sentence imposed be "consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant where the sentence imposed of [t]en years to [t]wenty years, followed by [f]ive years probation, was manifestly excessive and unreasonable, far surpasses what was required to protect the public, the complainant and the community, went well beyond what was required to foster Appellant's rehabilitation, and was grossly disproportionate to the offense?

Appellant's brief at 4.

Appellant challenges the discretionary aspects of her sentence. As such, the following principles apply to our consideration of whether review of the merits of her claims is warranted.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

- 4 -

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed both a timely motion for reconsideration of her sentence and a notice of appeal. In her motion, Appellant challenged the above-guidelines sentence as excessive, due to the court's failure to consider mitigation evidence, namely: her age of nineteen at the time of the crimes, troubled upbringing, traumatic life experiences, plans upon release from custody, acceptance of responsibility, and remorse for her actions. Therefore, Appellant properly preserved this issue, and we now proceed to determine whether she has raised a substantial question.

Appellant's brief contains a statement of reasons relied upon for her challenge to the discretionary aspect of her sentence as required by Pa.R.A.P. 2119(f). Therein Appellant claims that a substantial question is presented by the fact that the trial court imposed a sentence that was substantially above the aggravated guideline range, without considering Appellant's rehabilitative needs. Appellant's brief at 10. We find that this claim raises a substantial question, as it challenges Appellant's excessive sentence in conjunction with an assertion that the court failed to consider mitigating factors. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014).

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the

defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Instead, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by a pre-sentence investigation, as here, it is presumed that the trial court is aware of and has been informed by all appropriate sentencing factors and

considerations. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we find (1) that the court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). The instant sentence exceeded the guidelines. Therefore, it must be affirmed unless it is unreasonable. While reasonableness is not defined in the statute, it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that her sentence was unreasonable because the court did not consider her young age, zero prior record score, abusive upbringing, acceptance of responsibility, expressed remorse, and "the significant strides" she had already made toward rehabilitation. Appellant's brief at 16-17. Appellant's claim is belied by the record.

The certified record demonstrates that the trial court properly relied on several factors in electing to impose the maximum sentence allowed by law, all of which demonstrated that the court followed the general principles outlined in § 9721(b), *i.e.*, that the sentence be consistent with the protection

of the public, gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender. In fashioning the judgment of sentence, the trial court noted that it had reviewed the PSI and mental health reports; listened to argument made by the prosecutor regarding Appellant's misleading conduct with the police regarding the identity of her co-defendants, heard from the defense attorney, who detailed Appellant's age, tragic upbringing, drug use and mental health issues, her lack of a prior record, the steps she had already taken to rehabilitate herself in prison, the presence of her supportive grandmother supporting her, and Appellant's allocution. N.T. Sentencing, 3/30/17, at 3-11. "[H]aving taken all this into consideration," the court then issued the aforementioned sentence. *Id*. at 11-15.

Appellant has failed to persuade us that she received an unreasonable sentence. Our review confirms that the trial court was aware of, considered, and weighed Appellant's mitigating factors, along with the seriousness of the crime, and the other relevant sentencing factors. The court found especially compelling the fact that all four robberies were committed at gunpoint.[2] *Id*. at 11. We have no license to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra* at 778. Accordingly, we find that

---

[2] Since the trial court was sentencing Appellant on all four cases at the same proceeding, it necessarily considered the underlying facts of the series of robberies that Appellant committed within a span of five days while fashioning its global sentencing scheme.

the trial court exercised sound judgment and acted well within its discretion when it issued a sentence above the sentencing guidelines. We affirm Appellant's judgment of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2020

---

[3] The Commonwealth concedes in its brief that it mistakenly miscalculated and advised the sentencing court of an improperly-inflated guideline sentence for first-degree robbery, and that the trial court relied on these improper guidelines when it fashioned Appellant's sentence. *See* Commonwealth's brief at 3 (explaining that, while the court was aware of the correct top end of the standard range at fifty-four months, it was under the incorrect impression that the low end of the range was forty-eight, rather than forty, months). Our review of the record confirms that the sentencing court relied on an erroneous sentencing guideline range when fashioning Appellant's sentence. Thus, if that discretionary sentencing issue had been preserved by Appellant, we would have vacated the judgment of sentence and remanded for resentencing. *See Commonwealth v. Diamond*, 945 A.2d 252, 259 (Pa.Super. 2008) (granting relief on properly-preserved discretionary aspect claim that the sentence was based upon incorrect application of the guidelines). However, as Appellant has neither preserved nor argued this issue, it is waived.