J-S01030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DOMINGO GARCIA LOPEZ   :
  :
Appellant   :   No. 828 MDA 2021

Appeal from the Judgment of Sentence Entered May 2, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001776-2018

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED MARCH 31, 2022**

Appellant Domingo Garcia Lopez appeals from the judgment of sentence imposed after he pled *nolo contendere* to attempted homicide.[1]  Appellant's counsel has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[2] brief.  We affirm.

Briefly, Appellant was charged with one count of attempted homicide and two counts of aggravated assault after he shot a man multiple times in April of 2018.  **See** Criminal Compl., 4/1/18; Criminal Information, 6/11/18.  On May 2, 2019, Appellant entered a *nolo contendere* plea to attempted

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 2501(a).

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

murder. N.T. Plea/Sentencing Hr'g, 5/2/19, at 7-14. In exchange, the Commonwealth agreed to withdraw the remaining charges and recommend a sentence of ten to twenty years' imprisonment. After accepting Appellant's plea, the trial court imposed the agreed-upon sentence of ten to twenty years' incarceration. *Id.* at 20. Appellant did not file a post-sentence motion or a direct appeal.

On December 31, 2019, Appellant timely filed a *pro se* Post Conviction Relief Act[3] (PCRA) petition seeking to reinstate his direct appeal rights *nunc pro tunc*. The trial court appointed PCRA counsel to represent Appellant. On June 10, 2021, the trial court granted Appellant's petition and reinstated his appeal rights *nunc pro tunc*. The trial court then appointed Robert M. Buttner, Esq. (counsel) to represent Appellant in his direct appeal.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[4] The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, counsel has filed a petition to withdraw and an accompanying **Anders**/**Santiago** brief asserting that the instant appeal is frivolous. Counsel's withdrawal petition indicates that he sent a copy of the

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] Therein, Appellant identified the following issues: (1) whether the trial court abused its discretion by imposing a sentence without the aid of a pre-sentence investigation (PSI) report; (2) whether the trial court imposed a manifestly excessive sentence; and (3) whether the trial court had jurisdiction over Appellant's case. **See** Rule 1925(b) Statement, 7/19/21, at 2 (unpaginated).

*Anders*/*Santiago* brief to Appellant. Counsel also included a copy of the letter he sent to Appellant advising him of his right to proceed *pro se* or with new, privately retained counsel. Appellant has not filed a *pro se* response or a counseled brief with new counsel.

Counsel's *Anders*/*Santiago* brief identifies the following issue:

Did the trial court err or abuse its discretion by imposing a manifestly excessive sentence of 10 years to 20 years incarceration?

*Anders*/*Santiago* Brief at 2.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Da. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Accordingly, we conclude that counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues raised in counsel's *Anders*/*Santiago* brief.

### Discretionary Aspects of Sentence

Counsel's *Anders*/*Santiago* brief raises Appellant's claim that the trial court imposed an excessive sentence. *Anders*/*Santiago* Brief at 6. Specifically, Appellant asserts that he is entitled to "a modified sentence below the 10 year minimum imposed" because he "took responsibility for the conduct for which he was charged" and he "expressed his remorse to the victim at the time of his sentencing hearing." *Id.* However, counsel explains that Appellant's claim is waived because he did not preserve a discretionary sentencing claim at the sentencing hearing or in a post-sentence motion. *Id.* at 18. Further, counsel notes that because Appellant entered a negotiated plea agreement with an agreed-upon sentence, he is not entitled to raise a discretionary sentencing claim. *Id.* Finally, counsel notes that, although the trial court did not order a PSI report, Appellant did not object to the absence of a PSI report at sentencing and, in any event, pled guilty in exchange for a specific sentence. *Id.* at 15. Therefore, counsel states that any claim challenging the discretionary aspects of Appellant's sentence is frivolous.

Initially, we note that "[i]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super. 2002) (citations omitted). "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

"A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted). Likewise, "a claim that the court erred in failing to order a PSI report raises a discretionary aspect of sentencing of which a defendant's right to appellate review is exceptionally limited." *Commonwealth v. Dw. Flowers*, 950 A.2d 330, 331 (Pa. Super. 2008) (citation omitted).

It is well settled that a defendant "who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (citation omitted). This Court has explained that when

> the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

*Morrison*, 173 A.3d at 290 (citation omitted).

Here, Appellant entered a *nolo contendere* plea in exchange for a specific sentence. At sentencing, the trial court imposed the agreed-upon term of ten to twenty years' incarceration. Therefore, Appellant cannot challenge the discretionary aspects of that sentence on appeal. *See id*;

***O'Malley***, 957 A.2d at 1267. Accordingly, we agree with counsel's assessment that any challenge to the discretionary aspects of Appellant's sentence is frivolous.

## Plea Issues

Although not included in the statement of questions,[5] counsel's ***Anders***/***Santiago*** brief also identifies three potential issues concerning Appellant's *nolo contendere* plea. ***Anders***/***Santiago*** Brief at 8-10. Specifically, counsel discusses the trial court's jurisdiction, the legality of Appellant's sentence, and the validity of Appellant's plea. ***Id.*** We address each issue separately.

First, with respect to jurisdiction, counsel notes that because there is no dispute that the incident occurred in Luzerne County, the trial court had jurisdiction over Appellant's case. ***Id.*** at 8. Specifically, counsel refers to Appellant's plea colloquy, at which time the Commonwealth stated that the crime occurred in West Hazleton Borough, Luzerne County. ***Id.*** (citing N.T. Plea/Sentencing Hr'g at 11, 14).

A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." ***Commonwealth v. Little***, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. ***Id.*** at 272-73. A challenge to a court's subject matter jurisdiction is a question of law and,

---

[5] We note that although counsel did not include these issues in the statement of questions, it does not preclude review, as we would have nonetheless addressed these issues when conducting our independent review of the record. ***See Da. Flowers***, 113 A.3d at 1250.

therefore, our standard of review is *de novo*. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. ***Id.*** at 210 (citation omitted).

Here, the Luzerne County Court of Common Pleas, Criminal Division, was competent to hear Appellant's case, which involved violations of the Pennsylvania Crimes Code occurring in Luzerne County. ***See Commonwealth v. Kohler***, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take place within its borders). Further, the record reflects that Appellant received specific and formal notice of the charges when the Commonwealth filed the criminal complaint and criminal information and again when Appellant participated in the plea colloquy. ***See*** Criminal Compl., 4/1/18; Criminal Information, 6/11/18; N.T. Plea/Sentencing Hr'g at 7-14. Finally, Appellant specifically acknowledged that he committed the crimes in West Hazleton Borough, Luzerne County. ***See*** N.T. Plea/Sentencing Hr'g at 11. Therefore, the trial court had jurisdiction over Appellant's case, and Appellant is not entitled to relief on this claim.

Counsel also identifies a claim relating to the legality of Appellant's sentence. ***Anders***/***Santiago*** Brief at 8. However, counsel explains that the trial court imposed a ten-to-twenty-year sentence that did not exceed the forty-year statutory maximum for attempted homicide. ***Id.*** at 9. Additionally,

counsel notes that Appellant's sentence was consistent with the negotiated plea agreement. ***Id.*** at 9.

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted). Issues relating to the legality of a sentence are questions of law. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa. Super. 2008). Therefore, our "standard of review over such questions is *de novo* and our scope of review is plenary." ***Id.*** (citation omitted).

Section 1102 of the Pennsylvania Crimes Code provides, in relevant part, as follows:

> Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. . . .

18 Pa.C.S. § 1102(c).

Here, Appellant pled *nolo contendere* to one count of attempted homicide, which carried a maximum sentence of forty years' imprisonment. ***See*** N.T. Plea/Sentencing Hr'g at 3; ***see also*** 18 Pa.C.S. § 1102(c). The trial court sentenced Appellant to a term of ten to twenty years' imprisonment, which was consistent with the plea agreement. ***See id.*** at 20. Appellant's sentence does not exceed the statutory maximum. ***See*** 18 Pa.C.S. § 1102(c).

Therefore, the sentencing court had statutory authority to impose Appellant's sentence, and Appellant is not entitled to relief on this claim. *See Infante*, 63 A.3d at 363.

Finally, counsel discusses the validity of Appellant's *nolo contendere* plea. *Anders*/*Santiago* Brief at 9. Counsel notes that Appellant did not object to his plea during the plea hearing, he did not seek to withdraw his plea at sentencing, and he did not challenge the colloquy or the plea in a motion to reconsider or modify his sentence. *Id.* As such, counsel concludes that Appellant has waived any claims concerning the validity of his plea. *Id.* at 9-10.

A guilty plea is valid if it is knowingly, voluntarily, and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). To preserve a challenge to the validity of a plea, a defendant must either object during the colloquy, or raise the issue at the plea hearing, sentencing hearing, or in a post-sentence motion. *Commonwealth v. Monjaras–Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017).

Here, the record confirms that Appellant did not challenge his plea at the plea/sentencing hearing or in a post-sentence motion. Therefore, we agree with counsel's assessment that Appellant's claim is waived. Accordingly, this issue is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (stating that "[a]n issue that is waived is frivolous" (citation omitted)).

- 10 -

Based on our review of the record, we agree with trial counsel's assessment that the issues discussed in the **Anders**/**Santiago** brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. **See Da. Flowers**, 113 A.3d at 1250. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Colins joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2022