J-S24005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUAN JESUS ROSARIO :
:
Appellant : No. 1726 MDA 2022

Appeal from the Judgment of Sentence Entered June 30, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002957-2019

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 5, 2023**

Appellant, Juan Jesus Rosario, appeals *nunc pro tunc* from the judgment of sentence of 72 to 180 months' incarceration, imposed after he pled guilty to one count of aggravated assault, 18 Pa.C.S. § 2702(a)(1). On appeal, Appellant seeks to challenge the trial court's application of the Deadly Weapon Enhancement (DWE) to his sentence, despite that Appellant agreed to the application of that sentencing enhancement as part of his guilty plea. Additionally, Appellant's counsel, Matthew P. Kelly, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

_____

* Former Justice specially assigned to the Superior Court.

We need not set forth a detailed recitation of the facts underlying Appellant's conviction. We only note that Appellant's aggravated assault offense "resulted from [his] participation in the robbery and beating of an individual … on July 11, 2014[,]" during which Appellant "used a pool cue stick to strike the victim numerous times." Trial Court Opinion (TCO), 2/17/23, at 1 (unnumbered). Appellant pled guilty on February 10, 2020. On June 30, 2020, he was sentenced to the aggregate term set forth *supra*. Appellant filed a timely post-sentence motion, which was denied. Appellant did not file a timely direct appeal, but his appellate rights were subsequently reinstated after he sought relief via the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. Appellant then timely filed this *nunc pro tunc* appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, preserving the following issue for our review as set forth in Attorney Kelly's **Anders** brief:

1. Whether the trial court abused its discretion in applying the [DWE] in sentencing [Appellant].

**Anders** Brief at 1; **see also** Rule 1925(b) Statement, 1/25/23, at 1 (single page).

On April 3, 2023, Attorney Kelly filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, concluding that Appellant's sentencing issue is frivolous, and that he has no other, non-frivolous issues he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders,*** counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago****.* The brief must:

>   (1) provide a summary of the procedural history and facts, with citations to the record;
>
>   (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
>   (3) set forth counsel's conclusion that the appeal is frivolous; and
>
>   (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago****,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

- 3 -

In this case, Attorney Kelly's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Kelly also states in his petition to withdraw that he has supplied Appellant with a copy of the ***Anders*** brief. Additionally, he provided this Court with a copy of a letter directed to Appellant in which counsel informed Appellant of the rights enumerated in ***Nischan***. Accordingly, Attorney Kelly has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant contends that the trial court erred by applying the DWE because a pool stick does not constitute a 'deadly weapon' as defined by the Sentencing Code. ***See*** 204 Pa. Code § 303.10(a)(2) (stating: "Except for those sentenced pursuant to 18 Pa.C.S. § 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), when the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by

- 4 -

the offender in a way that threatened or injured another individual: (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury."). Appellant's sentencing claim implicates the discretionary aspects of his sentence. **See Commonwealth v. Kneller**, 999 A.2d 608, 613 (Pa. Super. 2010) ("This Court has held that a challenge to the application of the [DWE] implicates the discretionary aspects of sentencing.") (citing, *inter alia*, **Commonwealth v. Phillips**, 946 A.2d 103 (Pa. Super. 2008); **Commonwealth v. Diamond**, 945 A.2d 252 (Pa. Super. 2008)).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
>> [W]e conduct a four part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Martin,** … 611 A.2d 731, 735 ([Pa. Super.] 1992) (most internal citations omitted).
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in [her] brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.

* * *

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only where the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Kneller*, 999 A.2d at 613-614.

Here, Appellant complied with the requirements of filing a timely notice of appeal, preserving the issue in his post-sentence motion, and including a Rule 2119(f) statement in his appellate brief. *See Anders* Brief at 3.[1] Additionally, this Court has found that "[a] substantial question is raised where an appellant alleges [his] sentence is excessive due to the sentencing court's error in applying the [DWE]." *Kneller*, 999 A.2d at 614. Accordingly, we will review the merits of Appellant's sentencing claim, mindful that,

[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, the trial court rejected Appellant's claim that the DWE was erroneously applied for the following reasons:

On February 10, 2020, [Appellant] signed a written plea agreement which indicated that the [DWE] applied and provided

---

[1] We recognize that, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

a standard[-]range [sentence] of 66 to 84 months. During the guilty plea colloquy[, Appellant] was advised that the [DWE] would apply. N.T.[,] 2/10/20[,] at 3. As part of the factual recitation, the Assistant District Attorney stated that [Appellant] struck the victim numerous times with a carbon fiber pool cue stick. *Id.* at 7-8. [Appellant] entered his guilty plea[,] which was accepted by the court. *Id.* at 8.

Sentencing took place on June 30, 2020. [Appellant] was again advised that the [DWE] applied and the guideline range would be 66 to 84 months. N.T.[,] 6/30/20[,] at 2. At the conclusion of the sentencing hearing[, Appellant] stated, "I agree with the sentence you gave me, and I'm grateful. And I'm going to say thank you. But you won't hear no more from me." *Id.* at 21. [Appellant] also stated, "From now on, I move forward in life. And I would like to say thank you. That's all." *Id.* [Appellant] was clearly placed on notice that the [DWE] applied. He was made aware of the guideline sentence range applicable to his case.

TCO at 3-4. Accordingly, the court concluded that "[s]entencing [Appellant] in accordance with the [DWE] matrix was not error." *Id.* at 4. Attorney Kelly agrees, reasoning that Appellant waived his challenge to the application of the DWE "by signing a plea agreement and [entering] into a guilty plea acknowledging that the [DWE] would apply." *Anders* Brief at 9.

We concur with counsel and the court. The record demonstrates that Appellant was repeatedly notified that application of the DWE was an aspect of his plea agreement, and he knowingly and voluntarily entered that plea. Therefore, Appellant cannot now argue that the trial court abused its discretion by applying the DWE when he agreed that the DWE applied.[2] As Appellant's

---

[2] In any event, we would also agree with the trial court that "the pool cue stick was capable of producing death or serious bodily injury when it was employed by [Appellant] in a way that threatened or injured the victim" and, thus, Appellant possessed a 'deadly weapon' under section 303.10(a)(2). TCO at 4 (unnumbered).

sentencing claim is frivolous, and our independent review of the record reveals no other, non-frivolous claims Appellant could raise herein, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/05/2023